Richardson. Oh. J.,
delivered the opinion of the court:
The claimant, a captain in Thirteenth Infantry of the Army, ■was tried by a general court-martial upon charges of “ absence without leave ” and “ disobedience of orders,” was found guilty, and sentenced “ to be dismissed the service of the United States.”
The proceedings, findings, and sentence were approved by the general commanding the department, and the record was forwarded to the Secretary of War for action of the President, in April, 1869.
The Secretary of War made the following indorsement and order thereon:
“War Department,
“ Washington City, May 12,1869.
“ In conformity with the sixty-fifth of the Rules and Articles of War; the proceedings of the general court-martial in the foregoing case of Bvt. Maj. Wm. 0. Ide, captain Thirteenth Infantry, have been forwarded to the Secretary of War for the-action of the President of the United States, and the proceedings, findings, and sentence are approved, and the sentence-will be duly executed.
“ Jno. A. Rawlins,
“ Secretary of War.”
This order was thereupon carried into execution. The claimant left the Army in pursuance thereof, his name was dropped from the Army Register, and has never since appeared thereon. He performed no official duty after that time, and it does not apjiear that he offered to perform any until April 16, 1887, when he applied by petition to President Cleveland for restoration or re-appointment-, and his request was.denied. He has received no pay as an officer of the Army since his dismissal, and it does not appear that he ever asked for- any until he made demand on the 26th of November, 1888. To this demand the paymaster-general replied, that the office had no authority to recognize any one as an officer of the Army unless his name was borne upon the official register, or notice of his appointment was communicated by the military authorities.
On the 4th of January, 1889, he filed his petition in this court claiming the pay of a captain in the Army from May 31,1869, amounting to the sum of $44,897.
*407 The claim is founded upon the alleged illegality of the action of the Secretary of War, in ordering the sentence of the court-martial dismissing the claimant from the Army to be executed. The decision of the Supreme Court in Runkle’s Case (122 U. S. R., 543) is relied upon in support of his petition.
If this case were identical with the Runkle case, and involved only the question of the illegality of the action taken upon, the findings and sentence of the court-martial dismissing the claimant from the service, his contention would be correct. The phraseology of the indorsement by Secretary Rawlins in this case and that of Secretary Belknap in Runkle’s case are not the same, and as to whether they are alike in legal effect we express no opinion. There are other material differences between the two cases which have an important bearing on our decision.
In time of peace, at least, an officer is not obliged to obey an illegal order. If such an order dismissing a subordinate from office be issued by a superior, but not by the highest officer in authority, the subordinate is not left without some obligations' resting upon him. It becomes his duty, at once or within a reasonable time, to appeal to the highest authority for revocation, modification, or correction of the illegal order. If he obeys and submits to the order without appeal and without objection for an unreasonable length of time he must be held to have abandoned all title and claim to the office and to its emoluments, and to have waived his right to both.
The claimant was dismissed during the early part of the first administration of President Grant, while General Rawlins was Secretary of War; Had he appealed to President Grant at any time during the more than three years remaining of his then term of the Presidency, or during the four years of his second term, the error, if any there were, could have been corrected. But he allowed President Grant’s two terms, and the terms of his three immediate successors (Hayes, Garfield, and Arthur) to expire without making appeal to either of them. Seven Secretaries of War, after Secretary Rawlins, came and went without any complaint from the claimant (Sherman, Belknap, Taft, Cameron, McCrary, Ramsey, and Lincoln).
It was more than eighteen years after his dismissal before he attempted to assert any right to the office, or any claim to the salary, and he made no effort anywhere to obtain possesion of *408 the office from which he alleges lie was illegally dismissed. During the w#ole time he performed no official service and offered to perform none. Therein his case differs materially from that of Runkle. Referring to the order of Secretary Belknap in Runkle’s Case the Supreme Court say :
“ After this order was issued, but on the same day Runkle presented to President Grant a petition setting forth among other things, ‘ that the proceedings of said court had not been approved by the President of the United States as required by law.’ This petition was not only received by President Grant, but it was by him referred to the Judge-Advocate-General for ‘review’ and report. Upon this reference the Judge-Advocate-General acted and reported on the whole case. President Grant did nothing further in the premises, and the matter remained open when President Hayes came into office.”
Thus Runkle early and at once asserted his right to the office and kept the question open and before the Executive until it was taken up and decided in his favor four years thereafter. He did nothing from which an abandonment of the office could be inferred, for he was upon the retired list and was subject to no duty.
It is said that the claimant submitted to the order dismissing him and made no appeal to the President for eighteen years because he was ignorant of the law until the decision of the Runkle case in 1887. But he was bound to know the law. Ig-norantia legis neminem exeusat. The law had been upon the statute-book since 1802 in substantially the same language as it appeared when he was dismissed (act of 1802, March 16, chap. 9, sec. 10, 2 Stat. L., 134), and it was included among the Articles of War enacted in 1806 (act of 1806, chap. 20, art. 65, 2 Stat. L., 367).
By the decision in Ruukle’s Case the Supreme Court did not malee the law; they only threw judicial light upon what had been the law for more than eighty years, as everybody was bound to know. ,
Runkle knew the law and acted upon that knowledge with vigilance. Thus he waived no rights and lost none. Besides, unlike the claimant, he was upon the retired list with no duties to perform, and while his name was not on the Army Register, no other officer took his place.
The fact that this is not an action directly to regain possession of an office must not be lost sight of. That issue can not *409 be tried in this court. Whether the claimant was dismissed rightfully or wrongfully, the fact remains that he was defacto out of the Army, and some other officer was required to perform the active duties belonging to the office from which he was dismissed.
The Government is not responsible .for the consequences of illegal orders of subordinate officers the execution of which is acquiesced in for an unreasonable length of time by the aggrieved party without appeal to the highest authority.
The point decided in Blake's Case (103 U. S. R., 227), referred to in the letter of the Secretary of War, set out in finding six and much discussed at the trial, has not been taken into consideration, and its application, if any, to the facts here found is not passed upon.
The only question now decided is whether or not the claimant, an officer on the active list of the Army, under all the circumstances of the case as disclosed in the findings, is entitled to recover some $40,000 salary, for eighteen years and more, of an office the duties of which he never performed, and never offered to perform during that period, and which were discharged by some other officer.
On that issue, and on that alone, we hold that he is not entitled to recover, and his petition is dismissed.