Hay, Judge,
reviewing the facts found to be established, delivered the opinion of the court:
The plaintiff was an inspector of customs at the port of Baltimore, receiving $4.00 per diem. During the year 1911 the Secretary of the Treasury- appointed a committee to examine into and report upon the conduct of the customs service at the port of Baltimore. On August 24, 1911, that committee reported to the Secretary, among other things, that the plaintiff should be dismissed from the service, whereupon the Secretary of the Treasury on February 19, 1913, directed in writing the collector of customs at Baltimore to remove the plaintiff from the service “ on account of the use of intoxicating liquors and the unsatisfactory and perfunctory manner in which he performs his work.” In pursuance of this order the plaintiff was removed from the service on February 20, 1913. At the time of the plaintiff’s removal from the service he was in the classified civil service of the United States, and received no notice of the charges upon which he was removed, nor was he given an opportunity to reply to the charges. Since the date of the plaintiff’s removal he asserts that he has been ready, able, and willing to perform the duties of the office of inspector of customs; and if he is entitled to recover in this suit, the amount of salary from the date of his dismissal to the date of the judgment in this case is $10,332. The plaintiff made no appeal to the Secretary of the Treasury at the time of his removal from office, *190 nor has he at any time since his removal made such appeal. Before the plaintiff was removed from the office Congress passed an act authorizing the President to reorganize the Customs Service of the United. States and providing that the organization effected thereunder should be permanent until otherwise provided by Congress. (37 Stat., 434.) This permanent organization was reported to Congress on March 3, 1913, and there were provided for the district of Maryland, in which the port of Baltimore is included, 33 inspectors of customs. These 33 offices were filled by appointment of the Secretary of the Treasury of persons who, or their successors, are now filling these offices, so that since the third day of March, 1913, there has been no office to which the plaintiff could have been appointed. The plaintiff filed his petition in this court on May 23, 1916, more than three years after he had been removed from the office, the salary of which he is now asking shall be paid him from the date of his removal down to this date, and, of course, if he is paid as he sets out he is entitled to be paid it will follow that he must be paid for the rest of his natural life.
The plaintiff asserts that he has been illegally dismissed froln the office of inspector of customs; that he was, when dismissed, in the classified civil service of the United States; and that owing to his readiness, willingness, and ability to discharge the duties of the office he is entitled to its emoluments, notwithstanding the fact that he has rendéred no service to the Government of the United States since his removal from the office. He bases his claim upon the following provisions of the act approved August 24,1912, 37 Stat., 555, sec. 6:
“ That no person in the classified civil service of the United States shall be removed therefrom except for such cause as will promote the efficiency of said service and for reasons given in writing, and the person whose removal is sought sbiiil have notice of the same and of any charges preferred against him, and be furnished with a copy thereof, and also be allowed a reasonable time for personally answering the same in writing, and affidavits in support thereof; but no examination of witnesses nor any trial or hearing shall be required except in the discretion of the officer making the removal ; and copies of charges, notice of hearing, answer, reasons for removal, and the order of removal shall be made a *191 part of the records of the proper department or office, as shall also the reasons for the reduction in rank or compensation ; and copies of the same shall be furnished to the person affected upon request, and the Civil Service Commission also shall, upon request, be furnished copies of the same.”
The provisions of the above statute do not deny the right of the Secretary of the Treasury to remove from office an officer whom he has appointed. The plaintiff was appointed to the office which he held by the Secretary of the Treasury whom Congress had clothed with the power to make such appointment. Having the power to appoint the Secretary of the Treasury had also, as incident to it, the power to remove. The provisions of the act above quoted give to the appointing power directions which must be followed when the removal of a person in the classified civil service of the United States is sought. A duty is imposed upon the officer, but if he ignores it and removes a person from office his action does not thereby create an obligation upon the Government to pay a salary to a person so removed for an indefinite time. In other words, the Government is not responsible for the illegal orders of subordinate officers. The Government can not be required by the action of its officers to pay salaries to persons for the rest of their natural lives who, since their removal from office, have done nothing to earn them.
If an illegal order dismissing a person from office is issued, the person so dismissed can not, without some action on his part, expect to continue to receive the compensation of the office. Some obligations rest upon him. It became his duty at once, or at least with reasonable diligence, to appeal to the officer having authority to revoke or to modify or to correct the illegal order. If he obeys the order and submits without appeal and without objection for an unreasonable time, he must be held to have abandoned all title and claim to the office and its emoluments. Ide v. United States, 25 C. Cls., 401-407.
In this case the plaintiff was dismissed from the office which he held by the Secretary of the Treasury. Whether rightfully or wrongfully dismissed, he took no steps to have *192 the order dismissing him revoked; he did not appeal to the Secretary of the Treasury. He did not request that the charges upon which he was removed should be communicated to him. He never has since his removal made any attempt to have the order of removal revoked, or to appeal to the Secretary of the Treasury, but has contented himself with bringing a suit in this court to recover the salary of an office from which he has been dismissed, and the duties of which he has not performed. He did not take this step until more than three years had passed after his removal.
His remedy under the statute is perfectly obvious; he could have appealed to the Secretary of the Treasury to furnish him with the charges upon which the Secretary had acted and for a reasonable time to answer the same and to file affidavits supporting his answer, and then the Secretary could, in his discretion have examined the witnesses, and have tried the case. If the Secretary did not choose to do this, the case would have been closed, and the order removing the plaintiff would have stood. The purpose of the statute was to give to persons in the classified civil service of the United States, before their removal therefrom, the right to see the charges upon which their removal was based, together with the privilege of answering the same in writing, and of having a trial if in the discretion of the appointing power he chose to grant one. The statute does not, and can not, be held to contemplate that if the Secretary of the Treasury, as in this case, failed to carry out the provisions of the statute an obligation was thereby created against the Government to pay the salary of a person so removed after his removal and for an indefinite time thereafter.
This court can not try an action which has for its purpose the reinstatement of the plaintiff to the office from which he has been removed. And the fact remains that the plaintiff was dismissed from the office; that he is out of the service, and some other person was required to perform the duties of the office from which he has been dismissed. We are now asked to enter a judgment against the Government in favor of the plaintiff for the salary of an office from which he has been dismissed and the duties of which he has not performed for seven years, when he has made no effort *193 to have the order removing him revoked and has made no appeal to the Secretary of the Treasury to be reinstated. It must be held that he has submitted to the order of removal without appeal and without objection for an unreasonable length of time, that he has not used due diligence in asserting his rights, and that he has thereby abandoned all title and claim to the emoluments of the office. We therefore decide that the plaintiff, whether rightfully or wrongfully dismissed from the office, is not entitled after his dismissal and in the absence of any appeal or objection on his part within a reasonable length of time to recover some $10,000 salary, for seven years and more, of an office the duties of which he never performed during that period and which were performed by some other person duly appointed to the office. Ide v. United States, supra.
Geaham:, Judge; DowNey, Judge; Booth, Judge; and Cambbell, GMef Justice, concur.