Caaipbell, Chief Justice,
delivered the opinion of the court.
This case is before the court upon the defendant’s demurrer to the plaintiff’s petition. The latter alleges the following state of facts: The plaintiff entered the classified civil service of the United States in October, 1895, holding various positions therein until May, 1906, at which date he Avas a temporary examiner in the appraiser’s department, United States customs service, port of New York. He held this assignment for about two years. On June 8, 1908, the Secretary of the Treasury appointed plaintiff as an examiner, Class Y, customs service, at said port, and on April 29, 1912, the plaintiff Avas again appointed examiner, Class Y, at an increased salary. Having duly executed the oath of office he entered upon its duties under the last-named appointment and continued in the discharge of the same until on or about January 11, 1915.
On this date he Avas suspended from duty and pay, pending further investigation and decision, on the charge of haifing violated the regulations of the Treasury Department and the rules and practice of the appraiser’s office, and was notified that detailed specifications covering the charges would be submitted to him at a later date. On the next day he was served Avith what purported to be specifications of charges of misconduct, being six in number, and on January 20, 1915, he filed his sworn answer, in which he denied the charges. It is alleged that plaintiff asked for a hearing, and the same was granted by the appraiser, but that when he appeared at the time and place fixed for the hearing no evidence was adduced against him, but that certain questions were propounded to him by the appraiser, which he declined to answer in the absence of proof being *118 first offered to sustain the charges against him. The hearing was then terminated. Thereafter the appraiser wrote to the Secretary of the Treasury, sending him the answer of the plaintiff to the charges which had been made against him and a copy of the proceedings at the hearing above mentioned, and he recommended that on account of the refusal to submit to questioning the plaintiff should be dismissed from the service. The appraiser stated, however, that he made the recommendation with the greatest reluctance, because he did not feel that all the facts in the matter had been established.
This communication of the appraiser was replied to by the Secretary of the Treasury on March 11, the matter was reviewed and the conclusion reached that the plaintiff’s refusal to be interrogated by the appraiser could only be treated as an act of insubordination sufficient to warrant the plaintiff’s removal. Following this, on March 22, 1915, by direction of the Secretary of the Treasury, the services of the plaintiff as examiner, Class Y, were discontinued, “to take effect upon receipt of this recommendation, he to be without pay from January 12, 1915, the date of his suspension.” On March 24 the plaintiff received notice from the appraiser at the port of New York in accordance with the direction of the Secretary of March 22. The plaintiff was not then informed of the grounds of the dismissal, and it was not until after his dismissal that it became known to the plaintiff that the charge of insubordination had been made against him, and he was never served with the specification of the charge of insubordination. He therefore alleges that his dismissal, predicated upon insubordination, was beyond the power of the Secretary and invalid.
The plaintiff alleges that he had not, between January 12,1915, and the present time, resigned his office of examiner, or withdrawn from the same; that he duly protested his alleged suspension or removal, and has insisted that he was entitled to remain in said office until removed in accordance with law; that he has been ready and willing to perform the duties of said office, and has made known to the defendant his readiness and willingness to attend to the same; that he has offered to resume his duties as examiner and *119 demanded compensation therefor, but his offer and demand have been refused, and that at all times during the period from January 12, 1915, to the filing of his petition, March 16, 1921, the plaintiff has protested, and does now protest, against the action of the Secretary of the Treasury and the appraiser at the port of New York in refusing to permit him to perform the duties of examiner as aforesaid. The plaintiff claims the amount of salary at the rate of $2,200 per annum from January 12, 1915, to March 16, 1921, namely, the sum of $13,126.68.
It thus appears that the plaintiff is seeking the salary of an office from which he has been dismissed six years, lacking a few days, before his suit was brought. It does not appear that he has taken any steps to have himself reinstated, though he avers that he protested against his discharge and demanded compensation. Plainly, he can not recover. See Nicholas case, 55 C. Cls. 188, affirmed 257 U. S. 71; Wilson Scott Norris case, 257 U. S. 77; Arant case, 55 C. Cls. 327. In the Nicholas case, it is said in the opinion by Mr. Justice Day, that a person illegally dismissed from office is not thereby exonerated from obligation to take steps for his own protection and may not for an unreasonable length of time acquiesce in the order of removal, which it is within the power of' the Secretary to make, and then recover for the salary attached to the position. “In cases of unreasonable delay he may be held to have abandoned title to the office and any right to recover its emoluments.” The Wicleersham case, 201 U. S. 390, cited by the plaintiff no more controls the instant case than it controlled the Nicholas case. See comments upon the Wicleersham case in the opinion of the Supreme Court in the Nicholas case. It is not definitely stated that the position from which plaintiff was removed was filled after his removal, but the act of August 24, 1912, 37 Stat. 434, authorized a reorganization of the customs service by the President, and he transmitted a plan of reorganization to the Congress. See United States .Compiled Statutes, vol. 6, sec. 5327. We think it may be assumed that the offices provided by the reorganization plan were filled. However this may be, we hold that under the facts averred the plain *120 tiff shows no cause of action. The demurrer should be sus- ■ iained and the petition dismissed. And it is so ordered.
Graham, Judge; Hay, Judge; Downey, Judge; and Booth, Judge, concur.