Whaley, Chief Justice,
delivered the opinion of the court:
Plaintiff brings this action to recover the difference between the salary of the Superintendent of Registry in the Chicago Post Office at $4,300 per annum and retirement pay of $1,200 per annum from November 1, 1933.
The petition was not filed until November 25, 1936, a period of more than three years from the time plaintiff was retired. The delay of such a long period in asserting title to office, unexplained, constitutes laches. See Arant v. Lane, 249 U. S. 367, 371; Nicholas v. United States, 55 C. Cls. 188 (affirmed 257 U. S. 71, 76); Norris v. United States, 257 U. S. 77, 80.
However, on the merits of the claim asserted, plaintiff is not entitled to recover. The facts show that the postmaster, under whom plaintiff was serving at the time of his retirement, reported that he was “no longer a competent supervisor. Accepts directions from his superiors very reluctantly and does not maintain good discipline in his division.” He further recommended to the Postmaster General that plaintiff be reduced in rank from Superintendent of Registry to clerk, 5th grade, at a salary of $2,100 per annum. On this recommendation the Postmaster General ordered plaintiff’s reduction in grade. After he had been placed in the grade of clerk, he was subject to the provisions of the retirement law, having served over thirty years and having reached the age limit. The Postmaster requested him to sign a voluntary agreement to retire. This he refused to do and, therefore, he was notified in writing that, due to the *327 surplus of employees in the office, he was involuntarily retired, effective at the close of business October 31, 1933, under Section 8 (a) of the Independent Offices Appropriation Act of June 16, 1933 (48 Stat. 305) which reads as follows:
Sec. 8 (a) Whenever at any time hereafter prior to July 1, 1935, any employee of the United States or the District of Columbia to whom the Civil Service Retirement Act, approved May 29, 1930 (U. S. C., Supp. YI, title 5, chap. 14), applies, who has an aggregate period of service of at least thirty years computed as prescribed in section 5 of such Act, is involuntarily separated from the service for reasons other than his misconduct, such employee shall’be entitled to an annuity computed as provided' in section 4 of such Act payable from the civil service retirement and disability fund less a sum equal to 3% per centum of such annuity: * * * .
Plaintiff claims that he was competent to fulfill the duties of the office and' that he should not have been removed. Courts are not for' the purpose of passing on the competency of employees in the Government service. This is a matter solely within the discretion of the Administrative branch. If the plaintiff has been deprived of his office illegally, then he has a cause of action but, if the rights granted to him by the law have been fully exercised, he has no cause of action and therefore can not recover. Plaintiff was not removed from office, which, under the Civil Service Law, would have given him the right to have charges preferred and an opportunity to answer; he was reduced in grade and under the Civil Service law no charges and answer are required. , Footnote 44, under Rule XII, Removals ' and Reductions, of the Civil Service Act and Rules Statutes, Executive Orders and- Regulations,- amended to June 30,1937, states as follows:
Charges and answer not' required in reduction.— While sec. 6 of the act of Aug. 24, 1912 (37 Stat. 555), relating to removals, requires that reasons for reduction in rank or compensation be made a part of the records of the proper department or office, it does not.require or grant the privilege of answer by the person who is reduced, and the requirement in. the act that the person affected shall upon request be furnished a copy *328 of the reasons does not make it necessary to postpone the reduction until such request is complied with (minute of Commission, Mar. 17, 1914).
Plaintiff could have requested copies of the reasons for his reduction but the record does not show that he did so, as provided for in Section 6 of the act of August 24, 1912, 37 Stat. 539, 555, which provides in part as follows:
Sec. 6. That no person in the classified civil service of the United States shall be removed therefrom except for such cause as will promote the efficiency of said service and for reasons given in writing, and the person who,se removal is sought shall have notice of the same and of any charges preferred against him, and be furnished with a copy thereof, and also be allowed a reasonable time for personally answering the same in writing; and affidavits in support thereof; but no examination of witnesses nor anjr trial or hearing shall be required except in the discretion of the officer making the removal; and copies of charges, notice of hearing, answer, reasons for removal, and of the order of removal shall be made a part of the records of the proper department or office, as shall also the reasons for reduction in rank or compensation; and copies of the same shall be furnished to the person affected upon request, and the Civil Service Commission also shall, upon request, be furnished copies of the same: * * *'
The plaintiff relies on the Spanhake case, 55 C. Cls. 70; Humphrey's Executor v. United States, 295 U. S. 602 and United States v. Wichersham, 201 U. S. 390. We do not think that these cases are apposite. In each one of these cases it was held that the plaintiff had been illegally deprived of his office. In the instant case it appears that the provisions of the law have been fully carried out; that the discretion of the authorized officer was exercised as required by law and that plaintiff has not been deprived of any legal right granted to him. It is settled in such cases that action by an executive officer is not subject to revision by the courts. Keim v. United States, 177 U. S. 290; and Eberlein v. United States, 257 U. S. 82.
The petition is dismissed. It is so ordered.
Williams, Judge; Littleton, Judge; and Green, Judge, concur.
Whitaker, Judge, took no part in the decision of this case.