The court made special findings of fact as follows:
1. Howard Bratton, Jr., plaintiff, is a citizen of the United States and a resident of the State of Maryland. He served *605 in tbe armed forces of tbe United States during tbe World War as a commissioned officer and airplane pilot, and received an 18-percent disability in actual war service.,
2. Plaintiff is an honorably discharged soldier from the-military service of tbe United States and is thereby entitled to special benefits under various acts of Congress, Executive orders, and tbe regulations of the United States Civil Service Commission, including the. Act of August 15, 1876-(17 Stat. 169), tbe Act of August 23, 1912 (37 Stat. 413), the Executive order of June 4, 1925, and Civil Service Rule-XII, Section V.
3. Plaintiff, on November 9, 1934, as tbe result of a competitive examination, became a classified Civil Service employee and was appointed to a position as storekeeper-gauger CAF-5, at $2,000 per annum, in the Alcohol Tax Unit, Treasury Department.
4. On June 30, 1935, plaintiff was “discharged without, prejudice, reduction in force.” Such separation was incident to a general reduction in force and was subsequent to a report, of the District Supervisor, Baltimore, Maryland, to the effect-that plaintiff was not adapted to the satisfactory performance of the duties of storekeeper-gauger.
5. Plaintiff has introduced no evidence, oral or documentary, to show that his dismissal from the service was. improper. ■
The court decided that the plaintiff was not entitled to-recover, in an opinion per curiam,, as follows:
The facts in this case are governed by the case of Keim v. United States, 177 U. S. 290, 293, in which the Supreme Court held:
The appointment to an official position in the Government, even if it be simply a clerical position, is not a mere ministerial act but one involving the exercise of judgment. The appointing power must determine the fitness of the applicant; whether or not he is the proper one to discharge the duties of the position. Therefore it is one of those acts over which the courts have no general supervising power.
See also Eberlein v. United States, 257 U. S. 82, and James B. Bennett v. United States, 89 C. Cls. 322.
The petition is dismissed. It is so ordered.