LittletoN, Judge,
delivered the opinion of the court:
Plaintiff sues to recover back pay in the amount of $22,079.04 less $342 in outside earnings, or a net amount of $21,737.04, on the ground that his removal from his Government position was based on false charges. Presumably this ground is intended by plaintiff to amount to an allegation of arbitrary action on the part of the employing agency.
On May 26,1952, the plaintiff was given an indefinite appointment as a radio repairman for the Air Force, subject to serving a trial period of one year. On May 15,1953, plaintiff was discharged for excessive tardiness and for failure to improve in this respect after oral admonishments, his written reply to the charges having been considered and found unpersuasive. On October 8,1956, more than three years after his discharge, plaintiff filed the present suit.
Plaintiff asserts that the charge of excessive tardiness upon which he was dismissed was false and is refuted by the official time and attendance Civil Service Form 1130 which was in use at the personnel office of the station where he was employed. The court granted plaintiff’s motion for call on the Government for this and some other documents. The *803 Government was unable to produce any of the records called for except the plaintiff’s payroll records.
The payroll records produced show that the plaintiff’s pay was docked on only one of the fourteen dates of alleged tardiness. Plaintiff says that these documents create an issue of fact as to the falsity of the charge of excessive tardiness and that accordingly, defendant’s motion for summary judgment should be denied.
The plaintiff’s leave records which are available show that the plaintiff was absent without leave on several occasions, which conduct would not be inconsistent with a tendency on plaintiff’s part to excessive tardiness. The payroll records showing only one case of docking of pay for tardiness would seem to prove little except that those in charge of the payroll were not meticulous in charging small periods of tardiness against the plaintiff’s pay.
As the case is presented to us, it involves the simple question of whether we will review the Air Force’s decision that the plaintiff was tardy to excess and deserved to be discharged for that reason. The record does not support even an implied allegation of arbitrariness on the part of the Air Force nor is it suggested that those who made the decision to dismiss plaintiff were actuated by malice or prejudice. In these circumstances we do not review the administrative decision.
Plaintiff’s delay of three and one-half years would seem to constitute laches on his part in the circumstances of this case. Either the Government paid someone else the $21,000 plus which plaintiff would have been paid if he had retained the position, or it did not replace plaintiff because there was no need for his services and plaintiff should have been separated by a reduction in force if he had not been separated for excessive tardiness.
The defendant’s motion for summary judgment is granted and plaintiff’s petition is dismissed.
It is so ordered.
Laramore, Judge; Madden-, Judge; Whitaker, Judge; and Jones, Chief Judge, concur.