Laramoke, Judge,
delivered the opinion of the court:
Plaintiff, a veteran’s preference eligible, was removed for cause from his position as General Counsel of the Federal Housing Administration on. July 15, 1954. Plaintiff’s removal was upheld by the Appeals Examining Office of the Civil Service Commission, reversed by the Board of Appeals and Review, and an order entered restoring plaintiff to duty. The case was reopened on November 16, 1955, by the Civil Service Commission, which affirmed the action of the Federal Housing Administration. Plaintiff sued in the District Court for the District of Columbia for reinstatement to his position, and upon cross-motions for summary judgment, the District Court granted the Government’s motion. Plaintiff then appealed to the Court of Appeals for the District of Columbia circuit, and said court ruled on April 27, 1959, that plaintiff’s failure to substitute proper successor parties was a fatal defect and remanded the case to the District Court to dismiss plaintiff’s complaint. Plaintiff then, on June 24, 1960, brought this suit in the Court of Claims for back pay from July 14, 1954, to date of judgment.
The questions before us on cross-motions for summary judgment involve the question of collateral estoppel; the question of the right of the Civil Service Commission to reopen and reconsider the decision of their Board of Appeals and Review; the question of attachment by the employing agency to its application for reopening two documents which had not been “admitted into evidence” at the prior administrative proceedings; the question of whether the Civil Service Commission violated any of plaintiff’s rights under the Veterans’ Preference Act; and whether plaintiff’s claim is barred by laches.
After a full consideration of all the issues before us, we think that the decision in this case must be determined on the issue of laches.
A discharged employee is bound to assert his rights with diligence. The Supreme Court and this court have consistently applied the bar of laches in circumstances such as are present in this case. Arant v. Lane, 249 U.S. 367; Nicholas v. United States, 257 U.S. 71; Henry v. United States, 139 Ct. Cl. 362; Miner v. United States, 143 Ct. Cl. *621 801; Bailey v. United States, 144 Ct. Cl. 720. For example, in the Arant v. Lane case, supra, the employee was removed from office not later than July 20, 1913, and filed his petition 20 months later. The Supreme Court, in upholding the lower court’s dismissal on the ground of laches, used this language:
When a public official is unlawfully removed from office, whether from disregard of the law by his superior or from mistake as to the facts of his case, obvious considerations of public policy make it of first importance that he should promptly take the action requisite to effectively assert his rights, to the end that if his contention be justified the Government service may be disturbed as little as possible and that two salaries shall not be paid for a single service.
Under circumstances which rendered his return to the service impossible, except under the order of a court, the relator did nothing to effectively assert his claim for reinstatement to office for almost two years. Such a long delay must necessarily result in changes in the branch of the service to which he was attached and in such an accumulation of unearned salary that, when unexplained^ the manifest inequity which would result from reinstating him renders the application of the doctrine of laches to his case peculiarly appropriate in the interests of justice and sound public policy, [p. 372]
Later, in the Nicholas case, supra, the Supreme Court, in affirming the Court of Claims on the question of laches, used this language:
* * * While one inducted into office or public employment is entitled to the privileges or emoluments thereof, until legally separated therefrom, he is not absolved from the duty of diligence upon his part in the assertion of his right to the office, or to the compensation attached thereto. Public policy requires that the Government shall be seasonably advised of the attitude of its officers and employees attempted to be displaced when they assert illegal removal or suspension as a basis for the recovery of the office or its emoluments, [p. 76]
The above two Supreme Court decisions were followed hy many Court of Claims’ cases wherein the facts are very similar to the facts in this case. For example, in the Henry case, supra, suit was filed four years after an administrative de- *622 cisión. In the Miner case, supra, plaintiff delayed three and a half years. In the Bailey case, supra, the delay in filing suit was four years and five months.
In the case at bar, plaintiff was removed from his position on July. 15, 1954, and his administrative remedies were exhausted by December 29, 1955, when the Civil Service Commission reversed the decision of the Board of Appeals and Review. Immediately thereafter plaintiff could have brought suit in this court. Instead, he chose to file suit in the District Court for reinstatement arid did not file this suit until June 24, 1960, Even assuming that plaintiff was not required to bring his action for back pay in this court during the pendency of his suit in the District Court, still there was inexcusable delay in bringing the present action. Plaintiff was unable to obtain a decision in his first suit because of his own failure to substitute proper parties. Then, for no apparent reason, plaintiff .delayed 14 months after the dismissal by the Court of Appeals before bringing this action. In light of the considerable time that had already elapsed before the dismissal, it was incumbent upon the plaintiff to bring this action without further delay, and certainly before more than still another year had passed.
Plaintiff does not attempt to excuse his tardiness in filing this suit. Rather he takes the position that laches is an equitable doctrine and should be invoked only in cases where a plaintiff has slept on his rights and not litigated at all. This contention is apparently made because of his District Court action. We concede that laches is an equitable doctrine, but call attention to the fact that this court and the Supreme Court have many times applied the doctrine of laches in instances wherein plaintiffs have sought back pay because of an alleged erroneous dismissal. This rule is manifest in all the cases cited earlier in this opinion.
Therefore, in this case, we think plaintiff waited too long. The Government undoubtedly paid someone else the money which plaintiff now claims and someone else did the work. Under these circumstances the delay of plaintiff as above outlined constitutes laches and plaintiff is thereby barred from recovery in this action.
*623 Plaintiff’s motion for summary judgment is denied, and defendant's cross-motion is granted. The petition is, accordingly, dismissed.
Need, Justice (Bet.), sitting by designation; Davis, Judge; Dukfee, Judge/ and Jones, Chief Judge, concur.