Cwiliam, pay; dismissal; laches. — On June 25, 1976 the court entered the following order:
Before Cowen, Chief Judge, Skelton and Kashiwa, Judges.
*742 “This case comes before -the, court on. the parties’ cross-motions for summary judgment. The plaintiff was removed for cause on April 24.1970, from his position as a Personnel ¿Staffing Specialist at Warner Tobins Air Force Base, Georgia. The removal was affirmed by the Civil Service Commisr sion on June 11,- 1970, and that determination was in turn affirmed by the Board of Appeals and Review .on September 30, 1970. On December 21, 1970, plaintiff filed an action in the District Court for the District of Columbia challenging .his removal and seeking declaratory and injunctive relief in addition to back pay. By order of .October 31,1972, his suit Was dismissed for want of prosecution. Plaintiff’s motion to reinstate his complaint was denied on November 22, 1972. Almost 3 years later, on November 18,1975,' plaintiff filed his petition in this court to recover back pay and restoration to his former position.
“Among other defenses asserted, defendant contends that plaintiff’s claim'is barred by the doctrine of laches and, upon review of the record, we have concluded that this contention is correct and that plaintiff’s petition should be dismissed. Although plaintiff has undertaken to justify the ‘dismissal of his action in the. District Court and the lengthy delay in filing this suit, wé find that the evidence on a whole is insufficient to justify the delay in the assertion of his claim. Plaintiff’s claim accrued more than 5 years prior to the filing of his action in this court and, in many similar cases, we have held that prejudice to the Government manifestly results from such an unreasonable delay in the assertion of a claimant’s right. See Brundage v. United States, 205 Ct. Cl. 502, 509, 504 F. 2d 1382, 1386 (1974), cert. denied, 421 U.S. 998 (1975); Grisham v. United States, 183 Ct. Cl. 657, 663, 392 F. 2d 980, 983, cert. denied, 393 U.S. 843 (1968).
“it is therefore ordered that plaintiff’s petition be and the same is hereby dismissed.” •