Louis A. DEERING

v.

The UNITED STATES.

No. 355–77.

United States Court of Claims.

April 16, 1980.

Keith A. Rosenberg, Washington, D. C., attorney of record, for plaintiff; Newrath, Meyer & Faller, P. C., Washington, D. C., of counsel.

George .M. Beasley, III, Washington, D. C., with whom was Asst. Atty. Gen. Alice Daniel, Washington, D. C., for defendant; Captain L. Neal Ellis, Jr., Dept. of the Army, of counsel.

Before FRIEDMAN, Chief Judge, and DAVIS, NICHOLS, KASHIWA, KUNZIG, BENNETT and SMITH, Judges, en banc.

## ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

KUNZIG, Judge:

This case, before the court on defendant's motion for summary judgment, calls on us to review once again the applicability of the doctrine of laches to a military pay claim. In particular, we are faced with the issue of whether the Soldiers' and Sailors' Civil Relief Act of 1940—which suspends during a period of active military duty the running of time for statutes of limitation periods—similarly suspends the running of time for determining whether laches applies. For the reasons set forth below, we hold there is no such corresponding suspension of time for purposes of laches. Moreover, we hold plaintiff's claim barred by laches.

Plaintiff Louis Deering was serving on active duty as a Lieutenant Colonel in the Army when he was discharged on June 24, 1971, the result of an annual screening of officer records by a Department of the Army Active Duty Board.[1] The day after his release, plaintiff enlisted in the Regular Army. Subsequently, while still on active duty,[2] plaintiff filed suit in this court, alleging that his record as reviewed by the Board (resulting in his release) was materially in error because of alleged irregularities in two Officer Efficiency Reports (OERs) filed in 1966 and 1969. Plaintiff's petition seeks back pay in the grade of lieutenant colonel from the date of his release to date of his retirement (less amounts received as an enlisted man) and an order mandating correction of his military records.

Defendant opposes plaintiff on two grounds. Primarily, defendant maintains that the doctrine of laches bars plaintiff from asserting his claim in this court. Defendant relies heavily on the fact that plaintiff's petition was filed on June 24, 1977, the last day allowed by this court's six-year statute of limitations. 28 U.S.C. § 2501 (1976). Defendant argues that the claim, which seeks to challenge OERs filed in 1966 and 1969, is stale and should be barred by the equitable doctrine of laches.

Moreover, defendant contends that should plaintiff's petition not be dismissed because of laches, the claims asserted by Deering do not rise to the kind of "legal error" required before this court will grant relief: i. e., plaintiff does not state a claim upon which relief can be granted. E. g., Sanders v. United States, 219 Ct.Cl. ——, ——, 594 F.2d 804, 813 (1979); Tanaka v. United States, 210 Ct.Cl. 712 (1976), cert. denied, 430 U.S. 955, 97 S.Ct. 1599, 51 L.Ed.2d 804 (1977).

Except for statements by counsel at oral argument, plaintiff has made no effort to explain his delay in filing suit. He has chosen instead to rely on the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C. App. § 525 (1976) (hereinafter referred to as the Act) and the interpretation of the Act by this court in Sidoran v. United States, 213 Ct.Cl. 110, 550 F.2d 636 (1977). In Sidoran, this court held that since the Act suspends for military personnel the running of time for computing whether statutes of limitation apply, it correspondingly suspends the running of time for determining whether laches applies. As we will explain infra, we disagree both with plaintiff's interpretation of the Act and with our earlier holding in Sidoran.

---

1. The Board made the determination to release plaintiff pursuant to Army Regulation 635–100, Section XV, Chapter 3, which states in pertinent part:

    Section XV. ANNUAL SCREENING OF RECORDS
    3–58. General. The records of officers on active duty will be screened annually at Headquarters, Department of the Army, to determine those officers whose degree of efficiency and manner of performance of duty require relief from active duty or elimination from the service.

2. Plaintiff retired on June 30, 1979.

## I.

We examine first the linchpin of plaintiff's case—that under the Act and our decision in *Sidoran*, he is in effect immune from the doctrine of laches for the time he was on active duty.

We start with the basic premise that laches is a doctrine applicable to military pay claims in this court. *E. g. Brundage v. United States*, 205 Ct.Cl. 502, 504 F.2d 1382 (1974), *cert. denied*, 421 U.S. 998, 95 S.Ct. 2395, 44 L.Ed.2d 665 (1975); *Cason v. United States (Cason II)*, 200 Ct.Cl. 424, 471 F.2d 1225 (1973). The peculiar twist presented by this case, however, is that at the time of filing, plaintiff was an active duty Army enlisted man. As such, he enjoyed the protection of the Act, which states in pertinent part:

> The period of military service shall not be included in computing any period now or hereafter to be limited by any law, regulation, or order for the bringing of any action or proceeding in any court . . . . 50 U.S.C.App. § 525 (1976).

Plaintiff has based his entire response to defendant's laches defense on the Act and the decision in *Sidoran, supra.*

*Sidoran* also involved a military pay claim filed by an active duty enlisted man, who had been separated from active duty in a commissioned status but who also reenlisted (in the regular Air Force). Sidoran filed his claim almost four years after his release, and the Government moved for summary judgment on the doctrine of laches. A three-judge panel of this court, in a *per curiam* opinion, held:

> By 50 U.S.C.App. § 525, plaintiff enjoyed a complete exemption from all statutes of limitations that might run on his claims, as long as his active duty continued. We think it would thwart the purpose of this statute to make laches run for the same period, and therefore, we decline to do it.

213 Ct.Cl. at 113, 550 F.2d at 638 (1977).

We have carefully re-evaluated the *Sidoran* decision *en banc* and now conclude that *Sidoran* was incorrectly decided, insofar as it pertains to laches and suspension of time

for computing laches by the Act. *Sidoran*, therefore, is expressly overruled.

We overrule *Sidoran* because it represents an aberration in a line of cases holding laches available as a defense in appropriate military pay cases. If we allow *Sidoran* to stand, we will be carving out a *per se* exemption from laches for all military personnel who for one reason or another remain on active duty after they accrue a legal claim against the Government. We can find no reason, and plaintiff has shown us none, why such an across-the-board exemption from the equitable doctrine of laches, always employed on a case-by-case basis, should be carved out for active duty military personnel. This is particularly true in light of the absence of such an exemption in the Act itself.

Perhaps our foremost holding concerning laches in the military pay context is *Brundage v. United States*, 205 Ct.Cl. 502, 504 F.2d 1382 (1974). There, Senior Judge Durfee explained the general role of laches.

> Laches is a "fairness" doctrine by which relief is denied to one who has unreasonably and inexcusably delayed in the assertion of a claim. Failure to act promptly will operate as a bar to recovery where the delay results in injury for prejudice to the adverse party. The doctrine of laches is based upon considerations of public policy, which require, for the peace of society, the discouragement of stale demands. It recognizes the need for speedy vindication or enforcement of rights, so that courts may arrive at safe conclusions as to the truth. *As an equitable defense, laches is applied apart from, and irrespective of, statutes of limitations.* [Emphasis added] *Id.* at 505–06, 504 F.2d at 1384.

We think laches in the military pay context should still be applied "apart from, and irrespective of, statutes of limitations," something that was not done in *Sidoran*. Consistent with this thinking, we hold that the exemption from statutes of limitations established by the Act should be applied apart from and irrespective of the doctrine

of laches. We base this conclusion not only on the above-quoted passage from *Brundage*, but on the Act itself and on sound public policy.

The words of the Act itself refer only to statutes of limitations. The Act is silent as to laches. Moreover, resort to the legislative history to interpret the Act is of little use, since the legislative history is scant indeed. We do know that the Supreme Court has said the purpose of the Act is to "protect those who have been obliged to drop their own affairs to take up the burdens of the nation." *Boone v. Lightner*, 319 U.S. 561, 575, 63 S.Ct. 1223, 1231, 87 L.Ed. 1587 (1943). The need to protect such persons from unwavering statutes of limitations is self-evident. Military personnel are often precluded by the nature of their military duties from attending courthouse proceedings. However, we can see no corresponding need to protect military personnel statutorily from the doctrine of laches. As an equitable defense, applied on a case-by-case basis only, laches includes built-in protection for military personnel unable to prosecute their claims due to the demands of military life. Military personnel legitimately unable to prosecute their claims can feel confident that courts, in applying this equitable doctrine, will duly consider the particular circumstances of a military person, taking all circumstances into account to see that equity is done.

We view our statute of limitations not as an absolute entitlement to a grace period in which to sue but rather as an outside limit beyond which Congress has determined claims are simply too stale to be litigated fairly. Implicit in the statute of limitations period is a shorter period in which laches may apply, should a particular plaintiff have unreasonably delayed and caused some prejudice to the Government, our perennial defendant. Indeed, we have repeatedly barred plaintiffs where their period of delay was significantly less than the full six years allowed by 28 U.S.C. § 2501 (1976). *See* authorities, with parenthetical delay periods indicated, cited in *Alpert v. United States*, 161 Ct.Cl. 810, 820–21 (1963). Were we to allow the *Sidoran* rationale to run its

logical course we can envision a circumstance wherein a serviceman delays filing suit through remaining in the military (thus avoiding statutes of limitations and laches), waiting for the most opportune moment to file a claim, after records have been destroyed or witnesses have died. Certainly the public policy in favor of swift adjudication of claims does not profit from such a situation.

In sum, we hold that a blanket exception to laches for active duty military personnel can not be read into the Act. As an equitable defense, laches will be applied after courts weigh all factors involved in each individual case, to be sure that injustice does not result to either party. Indeed, it is the blanket exemption from laches urged by plaintiff that will result in repeated inequity to the public.

## II.

Having determined that the Act does not make enlisted men like Deering *per se* immune from the doctrine of laches, we now turn to examine whether the particular facts of Colonel Deering's situation demand application of laches against him.

For plaintiff's petition to be barred by laches, we must have indications of both elements of laches—inexcusable delay in filing suit and prejudice resulting to defendant. *Brundage*, 205 Ct.Cl. at 509, 504 F.2d at 1386. Defendant certainly has not made an overwhelming showing of prejudice. For example, defendant initially attempted to argue that because of Deering's delay in filing suit, it would have to pay Deering's salary and that of his replacement over an extended period of time should he prevail. *Cason v. United States (Cason II)*, 202 Ct.Cl. at 431, 471 F.2d at 1229; *Brundage*, 205 Ct.Cl. at 510, 504 F.2d at 1386; *Grisham v. United States*, 183 Ct.Cl. 657, 392 F.2d 980, *cert. denied*, 393 U.S. 843, 89 S.Ct. 125, 21 L.Ed.2d 114 (1968). Plaintiff rebuffed this contention by pointing out that the Board which discharged plaintiff was reviewing records as part of an effort to reduce the officer corps and that therefore no second salary was paid.

█ Although the result of granting plaintiff back pay would not be to require the Army to pay two salaries for the same work, there still would be the prejudicial effect of having to pay for an extended period a salary for services the Government did not require. The Army discharged the plaintiff because in its annual screening of officers it concluded that his services were no longer needed. Yet because of plaintiff's delay in bringing suit for 6 years, the Government now is faced with a claim for compensation covering these unnecessary services that extends back for a substantial period. Hence, as in *Brundage*, "a recovery by plaintiff would require the Government to pay him the salary of a [Lieutenant Colonel] for a period of [6 years], during which time no work was done, and during which time he had ample opportunity to fully assert his claim." (Footnote omitted.) 205 Ct.Cl. at 510, 504 F.2d at 1387. In short, plaintiff's delay in bringing this suit would significantly increase the Government's liability to pay for unrendered services it did not need or want.

Moreover, the longer the delay by a plaintiff in filing suit, the less need there is to search for specific prejudice and the greater the shift to plaintiff of demonstrating lack of prejudice. *Brundage*, 205 Ct.Cl. 509, 504 F.2d at 1386; *Cason II*, 200 Ct.Cl. at 431, 471 F.2d at 1229; *Grisham*, 183 Ct.Cl. at 663, 392 F.2d at 983; *Gersten v. United States*, 176 Ct.Cl. 633, 636, 364 F.2d 850, 852 (1966). Despite filing on the last day allowed by our six-year statute of limitations (the point at which the burden to show lack of prejudice is greatest on plaintiff), plaintiff has made no effort to demonstrate such lack of prejudice. Meanwhile, defendant has at least noted the fading of witnesses' memories that has undoubtedly occurred since plaintiff's claim accrued in 1971. *See Cason v. United States (Cason I)*, 198 Ct.Cl. 650, 658, 461 F.2d 784, 788–89 (1972) (vacated at 200 Ct.Cl. 424, 471 F.2d 1225 (1973),

but quoted in *Brundage*, 205 Ct.Cl. at 511, 504 F.2d at 1387).

As for excuses for delay in filing, we can ascertain none. Announcement of the *Sidoran* case certainly could not serve as reasonable excuse, since it was decided on February 23, 1977, some five years and eight months after plaintiff's separation. Such a period is usually sufficient to constitute laches. Moreover, attempts at oral argument to discover some reason for the delay could only extract from plaintiff's counsel the excuse that plaintiff did not know of his appeal rights. Absent a requirement that the military service specifically inform plaintiff of appeal rights, plaintiff's excuse of ignorance is unacceptable, particularly for lieutenant colonel.

Plaintiff throughout has insisted on protecting himself from laches with the shield of the Act and *Sidoran*. With the shield now removed, we have no difficulty finding plaintiff guilty of laches.[3] Plaintiffs guilty of far less delay have been so barred. Indeed, with sufficient prejudice present, a delay of less than a year (only 11 months) was enough to preclude plaintiff's recovery in *Norris v. United States*, 257 U.S. 77, 42 S.Ct. 9, 66 L.Ed. 136 (1921) (*aff'g* 55 Ct.Cl. 208 (1920)).

### III.

Finally, we note two points with regard to what we do *not* hold today.

First, having decided plaintiff's case is barred by laches, our opinion today should not be read as making any ruling on the merits of plaintiff's claim.

Second, we note that counsel for defendant attempted, particularly at oral argument, to expand this case beyond its natural bounds by arguing that in certain circumstances, statutes of limitation might also run against active duty military personnel, despite the prohibition of such in the Act. *See* 50 U.S.C.App. § 525 (1976). We make

---

**3.** Plaintiff's failure to assert his claim promptly extends past his failure to do anything between his separation in 1971 and his suit here 6 years later. The OER's he seeks to challenge were issued in 1966 and 1969, yet he did *nothing* to challenge them between their issuance and his separation years later. This is despite the fact that he had in 1969 successfully challenged another OER.

no ruling on this issue and leave it to another case and another day.

In sum, because we believe laches may be applied in appropriate circumstances to the claims of active duty military personnel, we expressly overrule our holding to the opposite effect in *Sidoran*. In addition, we find plaintiff's claim in the instant case barred by the doctrine of laches.

Accordingly, after careful consideration of the parties' submissions and after oral argument *en banc*, defendant's motion for summary judgment is granted. Plaintiff's petition is dismissed.