This case is before us on defendant’s motion for summary judgment, supported by a brief and by the administrative record. Defendant has also filed an appendix reproducing numerous documents in the administrative record, plus regulations and various unpublished orders relied on as precedents. Though the original petition is signed by counsel, the docket shows no response of any sort to the motion. We can only conclude, therefore, that plaintiff *780 knows of no facts not fairly presented by defendant, a circumstance which establishes that there are no disputed issues of fact and requires only the briefest discussion of the issues by us.
Plaintiff, an enlisted soldier, a staff sergeant, received an administrative discharge for the convenience of the government, after 17 years of service. The discharge was honorable. The record reflects a series of overt homosexual approaches to, and overt acts with, younger soldier trainees under plaintiffs orders or receiving instructions from him. The reports of such misconduct, some of them, go back a long time to 1968, and suggest condonation until the situation became too flagrant to ignore longer. The discharge was effective some 3 years before expiration of plaintiffs last enlistment and prevented his qualifying for retirement with annuity.
The motion is first grounded on laches, and should we not sustain it on that ground, it undertakes to show that the discharge was supported by substantial evidence and was not arbitrary, capricious, or contrary to applicable law or regulation.
The threshold ground is sufficient. The discharge occurred effective October 1,1975. The proceedings that led to discharge had commenced that year in March. The Administrative Discharge Board wished to retain plaintiff in the service to undergo psychiatric care and to be assigned to other than training or reception duties. The convening authority thought it inappropriate for one with plaintiffs history to be retained in service in any capacity. He disagreed with some exclusions by the board of incriminating evidence. Plaintiff had earlier applied to the Board for Correction of Military Records (bcmr) September 3, 1975, and its deliberations spanned over a year. Finally it determined, October 27, 1976, that there was insufficient evidence to indicate probable error or injustice. A letter by plaintiff to President Carter was treated as a request for reconsideration and as such denied September 27, 1978. A second application was denied, February 9, 1979, and again August 13, 1979, but February 27, 1980, the board decided to treat the request as a new submission on the basis of plaintiffs correspondence to members of Congress and the *781 Vice President. April 30, 1980, relief was again denied. Plaintiff filed the petition June 1, 1981, in this court, and despite the commendably thorough effort of defendant to put the entire case before the court, has filed nothing since, and any such filing would now be out of time.
We apply the doctrine of laches in military pay cases. Brundage v. United States, 205 Ct.Cl. 502, 504 F.2d 1382 (1974), cert. denied, 421 U.S. 998 (1975). But in applying it we take notice that the normal bcmr review is not a mandatory exhaustion of remedies, before suit here, but reasonable resort to that kind of relief should not be discouraged by a rigid application of rules and standards developed for civilian cases. Cason v. United States, 200 Ct.Cl. 424, 471 F.2d 1225 (1973). Here we allow plaintiff his initial year in the bcmr, but repeated futile applications for rehearing (assuming that is what they were) cannot indefinitely stay the time when equity requires plaintiff to file in this court if he is going to do so at all. The indifference to further prosecution after filing can be considered as a laches factor too. We said in Frommhagen v. United States, 216 Ct.Cl. 1, 5, 573 F.2d 52, 55 (1978), cert. denied, 440 U.S. 909 (1979)—
* * * [I]f the laches rule is to serve any real purpose, and not be just another statute of limitations, judge made, we must at least consider time from the start of the controversy to the prospective date of judgment, not as a laches period itself, but in evaluating the reasonableness or excessiveness of that period. * * *
By Deering v. United States, 223 Ct.Cl. 342, 620 F.2d 242 (1980), laches can run against a military claimant while he is on active duty. We think the age that the controversy over Sergeant Baker’s fitness for active duty had already attained when he was discharged in 1975 made it incumbent on him to exhaust his bcmr remedy promptly and sue here promptly, if he were going to do so at all. In a sense, the case was already stale when his cause of action first accrued.
Accordingly, defendant’s motion for summary judgment is granted and the petition is dismissed.