**Michael J. SLADIC**

v.

**The UNITED STATES.**

**No. 113–82C.**

United States Claims Court.

Jan. 13, 1983.

John W. Gibson, Pittsburgh, Pa., for plaintiff.

Michael Morin, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant. Maria Robinson, U.S. Postal Service, Washington, D.C., of counsel.

OPINION

SETO, Judge:

This civilian pay case is before the court on cross-motions for summary judgment regarding plaintiff's challenge of an adverse ruling of the Federal Employee Appeals Authority (FEAA) which affirmed plaintiff's dismissal from the Postal Service. I hold that plaintiff's inexcusable delay of nearly 6 years in filing this case and the resultant prejudice to defendant, invokes laches to bar this action.

Plaintiff, Michael J. Sladic (Sladic), was employed as a letter carrier by the United States Postal Service from March 5, 1971, until his dismissal on October 20, 1975. Sladic was dismissed from the Postal Service as a result of his criminal conviction, on September 25, 1975, for aggravated assault and carrying a handgun without a license.[1] Sladic appealed his dismissal to the FEAA. The FEAA affirmed plaintiff's dismissal on May 28, 1976. On March 3, 1982, 5 years and 6 months after FEAA's decision, plaintiff filed this suit. During those 5 years and 6 months plaintiff alleges that he endeavored to be reinstated to his former position through a variety of means, including repeatedly filing employment applications to the Postal Service and actively soliciting assistance from members of Congress to intercede on his behalf. All of plaintiff's endeavors were futile. This suit is another attempt by plaintiff to regain his former position.

Laches has been consistently applied to bar suits for reinstatement of a Government employee where said employee's prolonged inexcusable delay in filing was prejudicial to defendant. *United States, ex rel. Arant v. Lane,* 249 U.S. 367, 39 S.Ct. 293, 63 L.Ed. 650 (1917); *Nicholas v. United States,* 257 U.S. 71, 42 S.Ct. 7, 66 L.Ed. 133 (1921), *Henry v. United States,* 139 Ct.Cl. 362, 367, 153 F.Supp. 285 (1957). The application of

---

1. At the time of the arrest, plaintiff was charged with criminal mischief, aggravated assault, recklessly endangering the lives of others, and violating the Uniform Firearms Act. On June 5, 1975, the Postal Service learned of plaintiff's arrest.

laches to suits for the reinstatement of a Federal employee represents an exception to the general rule that the equitable doctrine of laches is unavailable in actions at law. *Henry v. United States,* 139 Ct.Cl. at 369, 153 F.Supp. at 289–90.

■ The elements of laches are inexcusable delay by the plaintiff in bringing suit coupled with prejudice to the defendant as a result of the delay. *Albright v. United States,* 161 Ct.Cl. 356, 362 (1963). Both of these elements are present here.

■ Plaintiff delayed 5 years and 6 months before filing this suit. Laches has been applied to bar suits for the reinstatement of a Federal employee where the delay was briefer than that present here. *Casey v. United States,* Ct.Cl., 652 F.2d 68 (1981) (4 and ½ years' delay); *Beeny v. United States,* 218 Ct.Cl. 672, 590 F.2d 343 (1978) (over 4 years and 3 months' delay); *Henry v. United States,* 139 Ct.Cl. 362, 153 F.Supp. 285 (1957) (4 years' delay); *Brundage v. United States,* 205 Ct.Cl. 502, 504 F.2d 1382 (1974) (3 years, 8 months' delay); *Jackson v. United States,* 179 Ct.Cl. 29, *cert. denied,* 389 U.S. 985, 88 S.Ct. 468, 19 L.Ed.2d 478 (1967) (3 years' delay). Moreover, plaintiff has proffered no persuasive reason not to apply laches to the case at bar. Plaintiff's assertions that he sought counsel, petitioned Congress, and submitted new employment applications, do not excuse his delay. *Brundage v. United States,* 205 Ct.Cl. 502, 504 F.2d 1382 (1974); *Beeny v. United States,* 218 Ct.Cl. 672, 590 F.2d 343 (1978).

The second element of laches, prejudice to the defendant resulting from the delay in filing, is presumed when the delay is nearly 6 years, as it is in this case. *Earnhardt v. United States,* 210 Ct.Cl. 741, 546 F.2d 429 (1976). The presumption arises from the court's recognition that if the plaintiff were allowed to recover, the defendant would be forced to pay for years of services which it never received. *Deering v. United States,* 223 Ct.Cl. 342, 620 F.2d 242 (1980); *Brundage v. United States,* 205 Ct.Cl. 502, 504 F.2d 1382 (1974). Plaintiff failed to present any convincing argument to rebut the pre-sumption of prejudice. Plaintiff has inexcusably waited nearly 6 years before bringing suit, during which time defendant was prejudiced, being forced to obtain and compensate the service of another to perform plaintiff's prior duties. *Blackmar v. United States,* 173 Ct.Cl. 1035, 354 F.2d 340 (1965). Plaintiff asserts that his persistence in seeking reinstatement to his former position and his duty to mitigate any damages he suffered from his dismissal, dispels the prejudice suffered by defendant. However, plaintiff's assertions are unpersuasive. Therefore, the presumption of prejudice to the defendant remains unimpaired.

Plaintiff asserts that it would be inappropriate for this court to apply laches in summary judgment. However, plaintiff fails to state any *material* fact, which when viewed in a light favoring plaintiff, would refute the defense of laches. Rule 56(c) compels summary judgment when there is no genuine issue as to any material fact and when the moving party is entitled to judgment as a matter of law. *Housing Corp. of America v. United States,* 199 Ct.Cl. 705, 711, 468 F.2d 922, 925 (1972). Moreover, the Court of Claims has repeatedly applied laches on summary judgment involving cases for the reinstatement of a Federal employee. *Deering,* 223 Ct.Cl. 342, 620 F.2d 242; *Beeny v. United States,* 218 Ct.Cl. 672, 590 F.2d 343 (1978); *Brundage,* 205 Ct.Cl. 502, 504 F.2d 1382.

## CONCLUSION

Therefore, for the above-stated reasons, defendant's motion for summary judgment is granted and the complaint is to be dismissed.