**Arnold S. GASBARRO, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 112–82C.**

United States Claims Court.

April 25, 1983.

Arnold S. Gasbarro, pro se.

Allen C. Peters, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

### MEMORANDUM AND ORDER

MAYER, Judge.

This case is before the court on cross-motions for summary judgment.

Plaintiff, a former employee of the Mine, Safety and Health Administration, brought suit on March 3, 1982, for travel and relocation expenses attendant upon his transfer from Uniontown, Pennsylvania, to Wilkesbarre, Pennsylvania, in June of 1976. He first requested payment when his then attorney wrote the agency on January 20, 1981.

Defendant denies plaintiff's entitlement to the claimed expenses, specially pleads forfeiture because of fraud, *see* 28 U.S.C. § 2514, and counterclaims seeking $2,000 for each false claim. *See id.* §§ 1503, 2508; 31 U.S.C. § 231. Defendant also sets up laches as a bar to the suit and it is on this ground its cross-motion has been filed.

---

When the statute of limitations has not yet run, laches will apply if plaintiff has unreasonably delayed filing suit which results in prejudice to defendant. *Deering v. United States,* 223 Ct.Cl. 342, 348, 620 F.2d 242, 245 (1980). The longer the delay, the less the need for defendant to show specific prejudice and the greater the shift of the burden to plaintiff to show lack of prejudice. *Id.* at 350, 620 F.2d at 246.

Responding to the laches defense, plaintiff says his assertion of entitlement to payment was known to defendant because he made it in two cases arising out of this transfer in United States district courts in Pennsylvania in 1978 and West Virginia in 1980, both of which were dismissed. Pretermitting the question of whether circumstances made even that delay too long, study of the complaints in those cases shows that the former alleged violation of civil service reduction in force and other rules, while the latter claimed violation of the Age Discrimination in Employment Act. There were references in the ad damnum clauses to travel and subsistence expenses as among the elements of damages sought for the allegedly wrongful transfer, but there was nothing to suggest that these relocation expenses were subjects of those suits. *See Frommhagen v. United States,* 216 Ct.Cl. 1, 8, 573 F.2d 52, 57 (1978); *Camero v. United States,* 170 Ct.Cl. 490, 493, 345 F.2d 798, 800 (1965).

Even if the present claim were somehow subsumed in those cases and he could not have brought an action in this court during their pendency because of 28 U.S.C. § 1500, it would not help him here. He did not file this case for more than 16 months after the last of them was dismissed. This unjustifiably added to the cumulative delay. *See Bovard v. United States,* 160 Ct.Cl. 619, 622 (1963).

The record shows that by the time this claim was first submitted, plaintiff had no documents supporting the alleged expenses. He claimed they had been lost by his previous attorney, a statement not supported by affidavit or otherwise. As he candidly pointed out in his papers, it is not likely that anyone can obtain an accurate file after this much time has passed.

Because plaintiff waited more than five and a half years to assert this claim, it is unlikely the court will be able to arrive at a reliable conclusion about the truth of the matter. *Brundage v. United States,* 205 Ct.Cl. 502, 505, 504 F.2d 1382, 1384 (1974). Records have been lost and common sense suggests that memories about the event are dim. *See Shafer v. United States,* 1 Cl.Ct. 437, 439 (1983) (MAYER, J.). This includes plaintiff's memory; he apparently is uncertain about the precise dates at issue or the events which gave rise to expenses. The administrative request claimed expenses for a period beginning June 21 and ending July 20, 1976. His complaint cites expenses beginning July 2 and ending August 4, 1976. The administrative request also listed subsistence expenses for his family for the entire period; the complaint shows his family was with him for only three days. In his motion for summary judgment, plaintiff said he agreed when an investigator told him reporting the former dates could constitute fraud, so he changed them. In light of the absence of records, however, this does nothing to inspire confidence in the validity of the new information or to enhance either his or defendant's chances of verifying it.

The difficulties plaintiff would have proving his case aside, in light of the foregoing it is clear the delay prejudices defendant's ability to defend. *See Frommhagen v. United States,* 216 Ct.Cl. 1, 5, 573 F.2d 52, 56 (1978). And because of the heightened burden of proof which attends its counterclaim for alleged fraud arising out of this transaction, *see Hageny v. United States,* 215 Ct.Cl. 412, 428, 570 F.2d 924, 933 (1978), the prejudice to defendant is aggravated.

Accordingly, plaintiff's motion for summary judgment is DENIED, defendant's cross-motion for summary judgment is GRANTED and, defendant having consented to dismissal of the counterclaim, the case will be dismissed with costs to the prevailing party.

It is so ORDERED.