Norman A. FOSTER and Charles T. Heimerdinger, Appellants,

v.

UNITED STATES, Appellee.

Ronald R. OLSON, Appellant,

v.

UNITED STATES, Appellee.

Appeal Nos. 84–621, 84–620.

United States Court of Appeals, Federal Circuit.

April 23, 1984.

John A. Everhard, Falls Church, Va., argued for appellants.

Louis R. Davis, Washington, D.C., argued for appellee. With him on the brief were Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director and Thomas W. Petersen, Washington, D.C.

Neil B. Kabatchnick, Washington, D.C., argued for amicus curiae.

Before MARKEY, Chief Judge, COWEN, Senior Circuit Judge, and KASHIWA, Circuit Judge.

COWEN, Senior Circuit Judge.

The appellants in these consolidated cases appeal from a decision and order of the United States Claims Court (Claims Court) * which dismissed the complaints on the ground that the claims are barred by the doctrine of laches. We *affirm*.

## DISCUSSION

Appellants are former United States Air Force Reserve officers, who filed suit in the Claims Court challenging their release from active duty on the ground that the Air Force promotion boards illegally passed them over for promotion to the temporary grade of Major. Specifically, they alleged and the Government admitted that the boards were improperly composed in violation of 10 U.S.C. § 266(a) in that they did not include an "appropriate number" of reserve officers as members. Each appellant sought back pay, correction of service records, reinstatement to active duty, and officer status.

It is undisputed that appellants delayed filing suit for the following periods of time after the causes of action on their respective claims had accrued:

In the case of Foster, 9 years.

In the case of Heimerdinger, 8 years.

In the case of Olson, 7 years.

Relying primarily on *Deering v. United States*, 620 F.2d 242 (Ct.Cl.1980) and *Brundage v. United States*, 504 F.2d 1382 (Ct.Cl.1974), *cert. denied* 421 U.S. 998, 95 S.Ct. 2395, 44 L.Ed.2d 665 (1975), the Claims Court dismissed the complaints on the ground that the actions were barred by the equitable doctrine of laches.

Here, as in the Claims Court, appellants' principal argument is that *Deering* was wrongly decided and that *Sidoran v. United States*, 550 F.2d 636 (Ct.Cl.1977) is a correct interpretation of the law with respect to the application of laches in military pay cases. Since *Deering* was an in banc decision of the Court of Claims which expressly overruled *Sidoran*, appellants realize that *Deering* is a precedent binding on this court. *South Corp. v. United States*, 690 F.2d 1368 (Fed.Cir.1982). Therefore, they requested that this appeal be heard in banc in the hope that *Deering* would be overruled. However, that request was denied by the active judges of this court and, therefore, the decision of the Claims Court on appellants' main contention must be upheld.

* 3 Cl.Ct. 440 (1983). (Nettesheim, J.)

■ Relying on *United States v. King*, 395 U.S. 1, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969), appellants reiterate the argument made below that the Government's laches defense is the assertion of a claim for equitable relief over which the Claims Court has no jurisdiction. As the Claims Court correctly pointed out, citing *Brundage*, laches is an affirmative defense rather than a claim for equitable relief. *See also Nicholas v. United States*, 257 U.S. 71, 42 S.Ct. 7, 66 L.Ed. 133 (1921), holding that laches is a defense available to the Government in Tucker Act cases.

■ The Claims Court also found that the Government had met its affirmative burden of showing that the long delays in the filing of these suits was inexcusable and prejudicial in that if appellants prevailed, the Government would be required to pay them sums approximating $100,000 each in back pay. In another repetitive argument, appellants assert that no prejudice resulted from their delay in filing suit because, since their separation, the Air Force has enjoyed the professional services of officers for the pay of enlisted men. The Claims Court correctly noted that this argument was specifically rejected in *Deering*, 620 F.2d at 246.

Finally, appellants advance the contention that in enacting the Soldiers' and Sailors' Civil Relief Act of 1940 (50 U.S.C.App. § 525), Congress intended that laches would not be available to the Government as a defense in military pay cases. This argument was also specifically dealt with in *Deering*, wherein the court pointed out that there is nothing in the language of the Act nor in its legislative history to indicate that a blanket exception to laches is provided by that statute.

After carefully considering the arguments of appellants, as well as those of the *amicus curiae*, we find no basis for overturning the well-reasoned opinion of Judge Nettesheim in which she has correctly applied the law to the undisputed facts. Consequently, we affirm her decision and order on the basis of her opinion.

■ There remains for disposition, however, an issue which was not raised or considered in the Claims Court. Appellants argue that by failing to notify them of the composition of the promotion boards, the Air Force violated 10 U.S.C. § 278. The Act is entitled "Dissemination of information," and provides:

> The Secretary of Defense shall require the complete and current dissemination, to all Reserves and to the public, of information of interest to the reserve components.

Citing *Bockoven v. Marsh*, 727 F.2d 1558 at 1566 (Fed.Cir.1984), the Government asserts that since the issue was not raised below, it has been waived by the appellants and should not be considered by this court. Appellants counter with the statement that since the basic issue of concealment was fully briefed and presented to the Claims Court, their presentation embraced the alleged statutory violation and the Government's position should be rejected. The opinion of the Claims Court, which dealt with each of appellants' concealment arguments, makes no reference to 10 U.S.C. § 278, and we find that this issue was not properly presented to that court. However, even if we assume *arguendo* that the question was sufficiently raised below by appellants, we hold that the cited statute imposed no affirmative obligation on the Air Force to advise appellants of the membership of the boards. This is made clear by the legislative history of the Armed Services Reserve Act of 1952, of which section 278 is a part. Senate Report No. 1795 (reprinted in 1952 *U.S.Cong. and Ad. News* 2005, 2045), which accompanied the Act, states:

> This section requires the dissemination of information to members of the reserve components and to the general public, since it is essential that all interested persons be informed of their obligations

and the manner in which obligations may be fulfilled.

Thus, the legislative history shows that the purpose of this statute was to make sure that the members of the reserve components were kept informed of their obligations rather than to require the Air Force to advise them of their legal rights against the Government. Accordingly, we find that there is no support for appellants' argument. *See also Gilmore v. United States*, 228 Ct.Cl. 829, 832 (1981), which held that the Army's failure to inform reserve officers that the selection boards lacked reserve representation or that a potential challenge to their nonselections existed, does not constitute concealment.

AFFIRMED.