837 F.2d 1097
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Paul G. WATSTEIN, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 87-1472.
 United States Court of Appeals, Federal Circuit.
 Dec. 18, 1987.
 
 Before DAVIS, Circuit Judge, BENNETT, Senior Circuit Judge, and MAYER, Circuit Judge.
 DECISION
 DAVIS, Circuit Judge.
 
 
 1
 The decision of the United States Claims Court, granting appellee's motion for summary judgment, is vacated and the case is remanded to that court to reconsider the defense of laches.
 
 OPINION
 
 2
 Claiming that he was commissioned as a second lieutenant after attending officer's training school (OTS) but was thereafter unlawfully decommissioned, appellant applied for relief to the Air Force Board for the Correction of Military Records (AFBCMR). Relief was denied. Appellant then sought review of that administrative decision in the Claims Court. On cross-motions for summary judgment, the court rejected the Government's defense of laches but held that the AFBCMR had not erred.
 
 
 3
 In our view, whatever the holding should be on the merits, the Claims Court misapplied the initial defense of laches. Watstein knew by March 21, 1980 that he had been disenrolled as an OTS student and that the Air Force did not consider him commissioned. He was then honorably discharged from the Air Force on June 3, 1981. He filed his suit in the Claims Court on October 27, 1986. This was about five-and-one-half years after he was discharged and about six-and-one-half after he became aware of the facts on which he founds his current claim. Though he pursued administrative remedies during a lesser part of this period, the Claims Court properly found that the time of delay was too long in the period during which he was not seeking an administrative remedy. Gentry v. United States, No. 175-79C (Ct.Cl. Oct. 17, 1980); Brundage v. United States, 504 F.2d 1382, 1386 (Ct.Cl.1974), cert. denied, 421 U.S. 998 (1975).
 
 
 4
 However, the court found no prejudice to the Government because the latter's showing of monetary prejudice was thought to be insufficient. Though the Government also expressly raised (in its motion for summary judgment) "such problems as difficulty in finding potential witnesses and documents, difficulty in reviving fading memories, or paying for services not performed" (App. App. 16), the court did not advert to those problems. This was error. We held in Pepper v. United States, 794 F.2d 1571, 1574-75 (Fed.Cir.1986):
 
 
 5
 The longer the delay by a plaintiff in filing suit, the less need there is to search for specific prejudice and the greater the shift to plaintiff of demonstrating lack of prejudice. Deering v. United States, 223 Ct.Cl. 342, 620 F.2d 242, 246 (1980). If a plaintiff fails to meet this burden in a meaningful way, it may be presumed, in a proper case, that prejudice is manifest from undue delay. Wilmot v. United States, 205 Ct.Cl. 666, 685 (1974). We said in Leinoff v. Milona & Sons, 726 F.2d 734, 742 (Fed.Cir.1984), that a delay exceeding 6 years is presumptively injurious and therefore prejudicial.... . The prejudice to be presumed from undue delay may include such problems as difficulty in finding witnesses and documents, difficulty in reviving fading memories, or, in some situations, the paying of two salaries for one position or the paying for services not performed. Adkins v. United States, 228 Ct.Cl. at 912-13.
 
 
 6
 This is a case in which the problems of the difficulty in reviving fading memories and retrieving documents are particularly important. The existence and history of the AF Form 133 applicable to appellant are still unknown, and the over-six-year period since the events of the alleged illegal decommissioning have apparently left no persons with relevant memories of those events. See Adkins v. United States, 228 Ct.Cl. 909, 912 (1981). Moreover, the long period before suit was begun necessarily invokes the prejudice of paying for services not actually performed.
 
 
 7
 Accordingly, we remand this case to the Claims Court to recanvass the defense in the light of the correct rules.