Ronald J. CORNETTA, Plaintiff-Appellant,

v.

The UNITED STATES of America and John Lehman, Secretary of the Navy, Defendant–Appellee.

No. 87–1121.

United States Court of Appeals, Federal Circuit.

Jan. 27, 1988.

George S. King, Broadhurst, Brook, Mangham & Hardy, Baton Rouge, La., argued for plaintiff-appellant. Also on the brief was Louis R. Davis, Broadhurst, Brook, Mangham & Hardy, Lafayette, La., of counsel.

John S. Groat, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for defendant-appellee. With him on the brief were Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director and Thomas W. Petersen, Asst. Director. Also on the brief was LCDR Michael Lawlor, Dept. of the Navy, of counsel.

Before MARKEY, Chief Judge, FRIEDMAN, RICH, DAVIS, SMITH,

**474**

NIES, NEWMAN, BISSELL, ARCHER, and MAYER, Circuit Judges.

## ORDER

The Suggestion for Rehearing *in Banc* filed by Ronald J. Cornetta, is accepted.

On or before March 30, 1988, the parties shall file briefs treating of these questions:

When a claim is filed within the statutory period of limitations, and the government asserts the equitable defense of laches, should the presumption of prejudice rising from delay be eliminated, and earlier holdings recognizing that presumption, *see, e.g., Pepper v. United States,* 794 F.2d 1571, 1575 (Fed. Cir.1986), *Deering v. United States,* 223 Ct.Cl. 342, 620 F.2d 242, 246 (1980), *Brundage v. United States,* 205 Cl.Ct. 502, 504 F.2d 1382, 1386 (1974), be to that extent overruled?

Can the government establish prejudice when the amount of a claim for back pay is fixed, and claimant's delay could not therefore have increased the government's burden? *See, e.g., Chappelle v. United States,* 168 Ct.Cl. 362, 366 (1964); *Simon v. United States,* 113 Ct.Cl. 182, 200 (1949).

Should potential for recovery of back pay for the time it would take a claimant to establish entitlement constitute prejudice to the government?

Should potential receipt of retired pay by a military officer constitute prejudice to the government, having in mind that "military retired pay is reduced compensation for reduced current services," *McCarty v. McCarty,* 453 U.S. 210, 222, 101 S.Ct. 2728, 2736, 69 L.Ed.2d 589 (1981)?

The parties will in due course be notified of the date for oral argument before the court *in banc.*