Whitaker, Senior Judge,
delivered the opinion of the court:
This is a suit by plaintiff to recover the salary of his position as a firefighter at the Andersen Air Force Base. He sues only for the period during which he was pursuing his administrative remedy and for 17 months thereafter, during which time he says he could not secure positions paying as much as his salary as a firefighter at the Andersen Air Force Base. At oral argument plaintiff’s counsel stated that at the end of the period for which he sues, plaintiff started his own business and, notwithstanding any allegation in his petition to the contrary, he is now claiming no backpay after 17 months from the date of the exhaustion of his administrative remedy on August 1,1957.
Defendant moves for summary judgment on the ground, first, that plaintiff is estopped by the decision of the District Court for the District of Columbia dismissing his petition for restoration to his position on the ground of laches, and, second, even if collateral estoppel does not apply, on the ground of laches in bringing suit in this court.
The facts as set out in the pleadings and the exhibits filed in connection with the motion for summary judgment show *365 that plaintiff was removed from his position on February 15, 1955. He appealed to the Grievance Committee, which reversed and ordered plaintiff restored to his position or to one of like seniority and pay. He was not restored to his old position but was given a “temporary appointment” as a supervisor firefighter, grade GS-11, a grade higher than the one from which he had been removed, but in Tenure Group III, the first to be removed in a reduction in force.
It was indeed a “temporary” appointment, because plaintiff was removed from the position the next day because, in a reduction in force, the position to which he had been assigned was abolished.
He contested the action and exhausted his administrative remedy on August 1,1957. His first appeal to a judicial tribunal for redress was on June 17, 1960, when he filed suit in the District Court for the District of Columbia seeking restoration to his position. (According to the statement of his counsel at oral argument, he no longer wishes restoration.) His petition was dismissed for laches, the Court of Appeals affirmed, and the Supreme Court denied certiorari on May 26, 1962, in Chappelle v. Sharp, et al., 370 U.S. 903. His suit in this court was begun on February 26,1963.
Defendant’s position that plaintiff is estopped by the decision of the District Court, affirmed on appeal, dismissing his case because of laches, cannot be sustained, on the authority of O'Brien v. United States, 148 Ct. Cl. 1, 284 F. 2d 692 (1960), in which we held that, since the reason for the application of the defense of laches in a suit for restoration is different from the reason for its application in a suit for lost pay, the doctrine of collateral estoppel does not apply.
But, defendant also says that, even though collateral estoppel may not apply, plaintiff was nevertheless guilty of laches in bringing his suit in this court. It says nearly three years elapsed after the exhaustion of his administrative remedy before he first sought redress in any judicial tribunal, and that ten more months passed between the end of his suit for restoration and his suit in this court for lost pay.
Of course, the only justification for cutting down the period allowed by Congress for bringing suit in this court, *366 is that, due to some circumstance not ordinarily encountered by the running of time, defendant has been prejudiced by plaintiff’s delay in asserting his rights. The effect of a judgment recovered by an employee discharged illegally is to give him the pay of the position and also to the one appointed to succeed him. It also has the incidental effect of requiring the Government, either to restore him to his old position and to discharge the person appointed in his stead, or to subject itself to successive suits for pay by the discharged employee, so long as he is deprived of the position from which he has been illegally discharged. We have held that these two things have so prejudiced defendant as to render the discharged employee guilty of laches if he delays unreasonably in bringing suit to recover the salary of his position.
In this case, however, defendant will not be required to pay double salary for the position nor will its service be disrupted by the recovery of a judgment by plaintiff; this is for the reason that plaintiff’s position had been abolished and for the additional reason that plaintiff now forswears any demand for restoration to his old position and for any salary accruing after the date of the judgment in this case. Furthermore, plaintiff is not suing for all the salary that has accrued from the date of his discharge to the date of judgment; he is suing only for the period of time during which he was pursuing his administrative remedy and for 17 months thereafter. Presumably, plaintiff could not maintain a suit thereafter because what he was receiving from private employment or from his own business equalled the salary of which he had been deprived, or for some reason he was unable to serve in his old position.
Such being the case, defendant is no more prejudiced by the institution of suit by plaintiff in 1963 than it would have been had he sued immediately after the period for which he now asks to be paid. Since his suit was brought within the six-year period allowed by statute, it is in time. As we said in O'Brien v. United States, supra, at 3:
* * * laches, unlike the statute of limitations, is a flexible concept based on fairness and applied in the discretion of the court. The cause of the delay, the hardship to the defendant, the nature of the relief, and *367 other factors must all be considered in determining its application.
The court has held that under the doctrine of laches, the plaintiff’s suit was barred in quite a number of cases, the latest of which are Bovard v. United States, 160 Ct. Cl. 619 (1963), cert. denied, 374 U.S. 830, and Alpert v. United States, 161 Ct. Cl. 810 (1963); but the facts of those cases were different from the facts in this case. While the court thought that the doctrine should be applied in 'those cases, it seems obvious to us that it should not be applied in this one.
Wha't we said in Simon v. United States, 113 Ct. Cl. 182, 200 (1919), is somewhat applicable:
* * * Plaintiff’s claim is for his salary only during the three months and five days between the dates of his discharge and reinstatement. It seems to us that plaintiff promptly took the proper steps to establish his right to his position, which steps brought about his reinstatement. The amount of plaintiff’s claim for salary was fixed as of the date of his reinstatement and any subsequent delay in bringing this action could not impose any additional burden upon the Government. In these circumstances the defense of laches is not applicable.
Here also the amount of plaintiff’s claim for salary is fixed.
Defendant’s motion for summary judgment is overruled and the case is remanded to the commissioner for trial.