On August 1,1975 the court issued the following order:
Before coweN, Chief Judge, davis and Nichols, Judges.
“This case comes before the court on defendant’s motion *1019 for summary judgment and plaintiff’s opposition thereto. Upon consideration thereof, the court finds:
“(1) On June 4, 1968, plaintiff filed a complaint that his non-selection as a Benefit Examiner Trainee in the Social Security Administration was doe to discrimination; on August 5, 1968, after an investigation, the Deputy Assistant Commissioner for Employee Relations found that plaintiff’s failure to be selected was due to his low Civil Service test score.
“(2) Plaintiff appealed the decision, and on November 30, 1968, he was appointed to a position as Benefit Examiner Trainee; on January 30, 1970, the Director of Equal Employment Opportunity dismissed his complaint as moot but advised plaintiff that he could appeal the decision within 15 days to the Civil Service Commission.
“(3) Plaintiff did not appeal the final decision of the Agency until October 11, 1972, stating that his untimely appeal was due to the fact that he was suffering from amnesia because of an automobile accident and because the Agency had stated no remedy was available; on February 12, 1973, the Board of Appeals and Review of the Civil Service Commission rejected plaintiff’s claim that he was physically unable to file a timely appeal and found that he had been employed on a full-time basis during most of the period after the Agency decision. Accordingly, the Board held that his appeal was untimely and his request for a rehearing was rejected.
“(4) On May 22, 1970, the Civil Service Commission directed the Social Security Administration to remove plaintiff from his employment on the grounds of medical unsuitability; on July 26, 1970, he filed a complaint, similar to his 1968 complaint, in which he again raised the issue of discrimination.
“(5) On December 23, 1971, the United States District Court for the Northern District of California set aside the determination that plaintiff was unsuitable for employment and thereafter awarded him more than $16,000 in back pay as a result of a finding that he was ready, willing, and able to work from June 1, 1970 to December 23, 1971, the date of *1020 the court’s decision. This finding was made at plaintiff’s request and was essential to bis recovery of back pay.
“Based on the foregoing, the court concludes as a matter of law:
“ (A) Plaintiff’s failure to appeal the decision complained of until nearly 2 years and 9 months after the final decision was rendered bars the maintenance of his suit in this court, since the administrative appeal was mandatory and had to be made 'within the time specified in the regulations. Piccone v. United States, 186 Ct. Cl. 752, 407 F. 2d 866 (1969) and cases cited therein.
“(B) Asa result of the finding made by the District Court that plaintiff was ready, willing, and able to perform his duties from June 1970 to December 1971, and his acceptance of the award of back pay, he is collaterally estopped to assert that his failure to file a timely appeal from the Agency decision of January 30, 1970, was due to his physical disability.
“(C) The Civil Service Commission had the discretion to entertain plaintiff’s untimely appeal but did not abuse its discretion in refusing to do so, and its finding that his failure to file such a timely appeal was not due to physical disability is supported by substantial evidence.
“ (D) If it should be urged that plaintiff was excused from appealing the Agency decision of January 30, 1970, which was by implication adverse as to plaintiff’s back pay claim, ■because any administrative appeal at that time would have been futile (see Pettit v. United States, 203 Ct. Cl. 207, 488 F. 2d 1026 (1973)), the answer is that in that event the cause of action was fully accrued on January 30,1970, and a delay of over four years thereafter in bringing suit constituted laches of such long duration as to be inexcusable. Defendant shows without contradiction that pertinent records have been destroyed (defendant’s exhibit 2). See, Brundage v. United States, 205 Ct. Cl. 502, 504 F. 2d 1382 (1974), cert. denied, 421 U.S. 998 (1975).
“it is therefore ordered that defendant’s motion for summary judgment is granted and plaintiff’s petition is hereby dismissed.”