On August 1, 1975 the court issued the following order:
Before CoweN, Chief Judge, Davis and Nichols,- Judges.
“This case is before the court on defendant’s motion for summary judgment. Plaintiff, a black female, sues for back pay based on race and sex discrimination in course of her civilian employment in the United States Navy. The claim as stated breaks down into three claims. 1.)’ Period beginning June 1964 and ending April 4,1971, back pay for discriminatory non-promotion to Grade GS-12. 2.) Period December 5, 1972 to July 6,1973, discriminatory demotion to Grade GS-11. 3.) Period beginning July 6,1973, back pay for discriminatory separation on alleged ground of refusal to transfer duty station from Washington, D.C. to Norfolk, Virginia, to accompany activity in which employed. Plaintiff admits she was employed at GS-12 between periods 1 and 2 and does not claim she was a candidate for a higher paying position during that period or was qualified to hold such a position. She claims reinstatement at GS-12.
“The back pay claim for period 1 must be dismissed on account of laches, in light of all the circumstances of the case, suit on such claim not having been brought until over three years after the latest possible date of accrual. Jackson v. United States, 179 Ct. Cl. 29, cert. denied, 389 U.S. 985 (1967). Plaintiff could have asserted a claim for back pay while prosecuting her claim for prospective relief. Defendant, on settling the prospective portion of the claim naturally would treat the whole as settled and relax its efforts to accumulate and preserve evidence. The claim for period 2 does not assert a claim within the jurisdiction of the court because plaintiff suffered no loss of pay by the demotion, and she failed to exhaust her administrative remedies. Jackson v. United States, supra. The claim for period 3 and for rein *1022 statement must be dismissed because plaintiff fails to show exhaustion or even initiation of available administrative remedies, and does not allege any reason or excuse for such non-exhaustion except a reason or excuse applicable, if at all, only to period 1.
“Accordingly, upon consideration of the pleadings, defendant’s motion for summary judgment, plaintiff’s opposition thereto, and the briefs and representations of the parties but without oral argument, it is ordered that defendant’s motion for summary judgment is allowed and the petition is dismissed.”