Plaintiffs deceased husband, John W. Casey, was an excepted employee of the former Atomic Energy Commission (AEC), not under the competitive civil service system. As of November 15,1972, Mr. Casey was separated from the service in what the AEC designated as a reduction-in-force (the RIF). Mr. Casey first indicated his intention to challenge the RIF through the agency appeal procedure. After an appeal advisory committee had been selected but before it could act on the appeal, Mr. Casey withdrew that appeal. Later he filed an appeal with the Appeals Examining Office of the then Civil Service Commission which on March 9, 1973 sustained the agency’s action as in accord with the Commission’s regulations governing reduction-in-force, and as not shown to be motivated by any improper reasons. The then Board of Appeals and Review (BAR) affirmed on *585 October 26,1973. Mr. Casey filed the present suit on March 2,1978.[1] Both parties have moved for summary judgment, and oral argument has been had.[2]
Because we accept the Government’s defense of laches, we need not consider the other points in the case. It is settled that the length of the delay is very important in determining whether laches exists. Gersten v. United States, 176 Ct. Cl. 633, 636, 364 F.2d 850, 852 (1966). Here, almost four and one-half years elapsed between the affir-mance of the RIF by the Civil Service Commission’s Board of Appeals and Review and the institution of this suit. That period is comparable to the lapse of time in several other decisions of relatively recent vintage in which laches was upheld. See, e.g., Brundage v. United States, 205 Ct. Cl. 502, 504 F.2d 1382 (1974), cert. denied, 421 U.S. 998 (1975) (lapse of 3 years and 8 months), citing other cases; Eurell v. United States, 215 Ct. Cl. 273, 280, 566 F.2d 1146, 1150 (1977) (almost five years); McGahey v. United States, 213 Ct. Cl. 717, 718 (1977) (4 years and 10 months); Earnhardt v. United States, 210 Ct. Cl. 741, 742 (1976) (5 years and one and one-half months); Smith v. United States, 209 Ct. Cl. 685, 686-88 (1976) (31 months); Gunston v. United States, 207 Ct. Cl. 1018, 1020 (1975) (over four years); Bell v. United States, 207 Ct. Cl. 1021 (1975) (over three years). The four and one-half year delay in this case lies well within the general zone of laches proscribed by this court for "pay” cases.
*586 Plaintiff gives several responses to this extended period of delay, all of which we find insufficient in the light of the duration of the delay.[3] First, the constant seeking of administrative relief which is not a prerequisite to filing suit once the BAR has decided the case — here, Mr. Casey’s pleas were to the President, the White House, renewed appeals to the BAR and the Civil Service Commission, and the filing of Freedom of Information requests — has often been held an inadequate excuse. Gersten v. United States, supra, 176 Ct. Cl. at 635-36, 364 F.2d at 852. The required diligence is in seeking to obtain judicial relief, not the unsuccessful pursuit of permissive administrative help.
Second, plaintiff puts forth Mr. Casey’s lack of the necessary funds and inability to retain counsel during the four and one-half years of delay. This justification has previously been discounted where the delay was comparably long. See Gersten, supra, 176 Ct. Cl. at 636, 364 F.2d at 852. We do the same here because Mr. Casey, an educated and articulate man who was convinced from the start of the justice of his cause, could have filed a suit here pro se, just as he pursued other channels through his own efforts; a pro se suit, a method not infrequently used by other claimants, would at least have warned defendant and begun the process of judicial inquiry. Also, we are not persuaded that the family income (his wife worked) could not have been adjusted or increased (e.g. by his accepting lesser temporary jobs) so as to pay an attorney.
Third, plaintiff points out that some prejudice to the defendant is a prerequisite to the application of laches (see, e.g., Deering v. United States, 223 Ct. Cl. 342, 349, 620 F.2d 242, 245 (1980). Such prejudice is lacking here, it is said, because (a) the agency having purported to carry through a RIF, there would be no other person hired in Mr. Casey’s place and therefore two salaries would not have to be paid for the period 1972-1979 if plaintiff prevailed; (b) because Mr. Casey died in 1979 there is no question of reinstatement and no possible disruption of the agency’s operations; *587 and (c) there is no need for a trial at this late date — only legal issues are said to be involved. We agree with none of these contentions as adequate to show non-prejudice. Although two salaries might not have to be paid for the same work, "there would still be the prejudicial effect of having to pay for an extended period a salary for services the Government did not require.” Deering, 223 Ct.Cl. at 349, 620 F.2d at 246; Beeny v. United States, 218 Ct.Cl. 672 (1978). Similarly, under that standard, back pay for work not done during the seven-year period from 1972 to 1979 is enough, even though there would be no reinstatement, to show prejudice from a delay of this length. Lastly, it seems to us that there might have to be at least a partial trial or recollection of past events if the merits were reached— especially on the disputed claim that the agency did not fulfill its proper reassignment obligation to Mr. Casey.
The final ground asserted for not invoking laches is that plaintiff is willing to shorten the period of recovery to a time which would not have been barred by laches — as was done in Chappelle v. United States, 168 Ct. Cl. 362 (1964) and Rifkin v. United States, 209 Ct. Cl. 566 (1976), cert. denied, 429 U.S. 1098 (1977). The difficulty with this proposal is that in both Chappelle and Rifkin there was a natural separation between the portion of time for which recovery was allowed and the different period for which no relief was asked or given. In the present case there is no such visible cleavage. Plaintiff has suggested none (except to salvage any period she can) and we cannot ourselves see any proper division between one portion of the delay-time and another. To follow plaintiff in this proposal would be to permit any claimant to avoid a full dismissal for laches simply by shaving down his full claim to any lesser period the court deemed short enough for recovery, without the showing of any ground for separating out that particular period.
On these grounds, we accept and apply the Government’s defense of laches and dismiss the petition on that ground.
it is therefore ordered that defendant’s motion for summary judgment is granted and plaintiffs cross-motion for summary judgment is denied. The petition is dismissed.

 Mr. Casey died in 1979 and the plaintiff, administratrix of his estate, was substituted.

 On the merits, plaintiffs major point is that there was a denial of constitutional due process when the Appeals Examining Office obtained and considered ex parte affidavits from members of plaintiffs former AEC office, denying that his RIF had been triggered by improper considerations or any considerations other than the reorganization which management insisted led to the abolition of plaintiffs position. Plaintiff did not see these ex parte affidavits until he received the decision of the Appeals Examining Office, but he did see them before he appealed to the Board of Appeals and Review. There is a dispute whether he properly raised, before the Board of Appeals and Review, the matter of the Appeals Examining Office’s ex parte consideration of the affidavits.
Another of plaintiffs points is that the AEC did not do what it was required to do with respect to Mr. Casey’s reassignment rights.
Because of our disposition of the case on the ground of laches, see infra, we do not reach or consider these contentions.

 In Kenney v. United States, 209 Ct. Cl. 786 (1976), in which laches was denied on the basis of some of the factors plaintiff cites, the delay from the decision of the Board of Appeals and Review (BAR) to the filing of suit was substantially less than three years.'