Stuart G. SHAFER, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 320–81C.

United States Claims Court.

March 1, 1983.

Keith A. Rosenberg, Washington, D.C., for plaintiff. Newrath, Meyer & Faller, P.C., Washington, D.C., of counsel.

Beacham O. Brooker, Jr., Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant. CDR Donald M. Hill, Washington, D.C., of counsel.

OPINION

MAYER, Judge.

Plaintiff Shafer is a former major in the United States Marine Corps who was invol-

untarily released from active duty on June 30, 1975, after twice failing to be promoted to lieutenant colonel. Twenty days before his release from active duty, plaintiff petitioned the Board for the Correction of Naval Records (Board) to remove his Officer Fitness Reports from his file for the periods August 7, 1970, through October 31, 1970, and December 17, 1970, through April 30, 1971, because they were erroneous and to reconsider him for promotion. Plaintiff argued that the reports were based on indirect and infrequent observation and that he was rated on matters assigned to another officer over whom he had no control. The Board denied his petition on July 9, 1975, stating that insufficient evidence of material error or injustice had been presented.

On May 8, 1981, over five years and ten months after his release from active duty, plaintiff filed this suit, which is now before the court on cross-motions for summary judgment, alleging his two nonselections for promotion were void because the records reviewed by the selection boards were incomplete and materially in error. He seeks correction of his military records and the pay and allowances of a major from the date of his release from active duty to the date of judgment or remand of the case to the Board for further consideration. Because the court accepts the government's defense of laches, it does not consider the merits of plaintiff's claims. Plaintiff's failure to diligently pursue a remedy in this court bars recovery.

■ The equitable doctrine of laches bars relief to one who unreasonably delays the assertion of his claim. *Brundage v. United States,* 205 Ct.Cl. 502, 505, 504 F.2d 1382, 1384 (1974). The doctrine is based on considerations of public policy which require that stale demands be discouraged because prompt assertion of rights is necessary if courts are to arrive at reliable conclusions about the truth. *Id.*

The United States Court of Claims, whose precedents are binding on this court, General Order No. 1, U.S. Cl.Ct. Preceding Rule 1, 28 U.S.C.A., long recognized and gave effect to the doctrine of laches in civilian pay cases. *See Grisham v. United States,* 183 Ct.Cl. 657, 392 F.2d 980 (1968); *Gersten v. United States,* 176 Ct.Cl. 633, 364 F.2d 850 (1966); *Alpert v. United States,* 161 Ct.Cl. 810 (1963). That court also applied it in military pay cases after advising in *Cason v. United States,* 200 Ct.Cl. 424, 431, 471 F.2d 1225, 1229 (1973), that henceforth they would not be per se exempt from its strictures.

■ In applying laches, the Court of Claims viewed the statute of limitations as an outside limit beyond which Congress has determined that claims should not be litigated, rather than as an absolute entitlement to a grace period in which to sue. It found implicit within the statutory period a potentially shorter one in which laches will be applied if plaintiff has unreasonably delayed bringing suit resulting in prejudice to defendant. *Deering v. United States,* 223 Ct.Cl. 342, 348, 620 F.2d 242, 245 (1980). In federal pay cases, the doctrine is applied irrespective of the statute of limitations and represents an exception to the general rule that the defense of laches is not available in an action at law brought within the applicable period of limitations. *Henry v. United States,* 139 Ct.Cl. 362, 369, 153 F.Supp. 285, 289–90 (1957). *See also, Brundage v. United States,* 205 Ct.Cl. 506, 504 F.2d at 1384.

■ In this case, Shafer delayed filing a petition until less than two months before expiration of the six-year statute of limitations provided in 28 U.S.C. § 2501. Plaintiffs guilty of far less delay have been barred by laches. *See, e.g., Beeny v. United States,* 218 Ct.Cl. 672 (1978) (delay of over four years and three months); *McGahey v. United States,* 213 Ct.Cl. 717 (1977) (delay of four years and ten months); *Gunston v. United States,* 207 Ct.Cl. 1018 (1975) (delay of over four years); *Bell v. United States,* 207 Ct.Cl. 1021 (1975) (delay of over three years); *Brundage v. United States,* 205 Ct.Cl. 502, 504 F.2d 1382 (1974) (delay of three years and eight months).

■ Mere delay, however, is not enough. While the government routinely pleads

laches in pay cases, an action will be barred only when the delay has been unreasonable and prejudicial to the defendant. *McGahey v. United States,* 213 Ct.Cl. at 718; *Brundage v. United States,* 205 Ct.Cl. at 509, 504 F.2d at 1386. Here, defendant alleges prejudice from the potential payment, if plaintiff were to prevail, of back pay for work performed by another or for an unnecessary person. Prejudice manifestly results when a claimant for back pay has delayed asserting his rights, thereby obligating the government to pay two salaries over a long period when it has received the services of only one person. *Brundage v. United States,* 205 Ct.Cl. at 510, 504 F.2d at 1386. Plaintiff argues that defendant is required to show that a replacement was, in fact, obtained to fill the position which he would have occupied. But even if defendant has not hired a replacement, it suffers prejudice from having to pay personnel over an extended period "for unrendered services it did not need or want." *Deering v. United States,* 223 Ct.Cl. at 350, 620 F.2d at 246.

In and of itself, however, this may not be sufficient prejudice for application of the bar of laches. To some extent, double payment or payment for unnecessary personnel is an inevitable consequence of successful litigation of this sort. That is part of the burden the government must bear when a plaintiff prevails. A court applies laches only after weighing all factors to ensure that injustice does not result. *Id.* at 349, 620 F.2d at 245.

Among those factors to be considered is prejudice due to faded memories. Plaintiff argues that this is inappropriate when an action is before the court on cross-motions for summary judgment. But the Court of Claims repeatedly considered it in its application of laches on motions for summary judgment. *See id.* at 350, 620 F.2d at 246; *Brundage v. United States,* 205 Ct.Cl. at 510, 504 F.2d at 1387.

Defendant says that common sense suggests that memories about performance evaluations conducted over a decade ago will have faded. While the court will not presume prejudice merely because of the passage of time, the experience of life and common sense compel the conclusion that memories about an apparently routine administrative chore so long ago will indeed be dim. Plaintiff had the duty of showing that this reasonable conclusion is not true in this case. He chose not to advert to available discovery or present countervailing affidavits to attempt to make this showing. He failed to recognize that because he has delayed so long in coming to court, there is less need to search for specific prejudice and the shift to plaintiff of demonstrating lack of prejudice is greater. *Deering v. United States,* 223 Ct.Cl. at 350, 620 F.2d at 246; *Brundage v. United States,* 205 Ct.Cl. at 509, 504 F.2d at 1386.

While defendant has noted at least two grounds suggesting prejudice, plaintiff has made no effort to demonstrate a lack of prejudice from his delay. He cites his prompt pursuit of permissive administrative remedies as proof of diligence and lack of prejudice, but the results of these actions were known within days of plaintiff's discharge in 1975. *Cf. Bishop v. United States,* 230 Ct.Cl. ——, ——, 673 F.2d 1369, 1373 (1982). Plaintiff's only explanation for delay in filing suit is counsel's assertion at oral argument that plaintiff was unaware of his right to seek relief in this court. Absent a requirement that the military specifically inform plaintiff of judicial rights, his excuse is unavailing. *Deering v. United States,* 223 Ct.Cl. at 350, 620 F.2d at 246. Plaintiff has failed to state any material fact which, when viewed in a light most favorable to him, refutes the defense of laches.

Plaintiff's motion for summary judgment is DENIED and defendant's cross-motion for summary judgment is GRANTED. The Clerk will dismiss the complaint with costs to the prevailing party.

It is so ORDERED.