**Francis E. JONES, Jr.**

v.

**The UNITED STATES.**

No. 369–80 C.

United States Claims Court.

Sept. 28, 1983.

Paul A. Kiefer, Washington, D.C., for plaintiff.

Louis R. Davis, Washington, D.C., with whom was Asst. Atty. Gen., J. Paul McGrath, Washington, D.C., for defendant.

## ORDER ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

SETO, Judge:

This military pay case involves the involuntary release from active duty of an Air Force Reserve Officer. Plaintiff, Francis E. Jones, asserts that the Air Force Reserve Officer Screening Board (Screening Board), which reviewed and ranked the records of nearly all Reserve officers on active duty, did not include an "appropriate number" of Reserve members as mandated by 10 U.S.C. § 266(a). Plaintiff asserts that this alleged defect rendered the Screening Board's decision void and that plaintiff's release from service was thus erroneous. Based on this assertion, plaintiff claims an entitlement to back pay and correction of his service record.[1]

Defendant contests plaintiff's assertions regarding the Screening Board's composition and contends further that, regardless of whether the Screening Board included an "appropriate number" of Reserve officers, plaintiff's claim is barred by the doctrine of laches.

This court finds that facts material to the proper disposition of both issues remain unresolved. Accordingly, it denies defendant's Motion, and plaintiff's Cross-Motion, for Summary Judgment.

■ Laches is a fairness doctrine by which relief is denied to one who has unreasonably and inexcusably delayed assertion of his claim, *Brundage v. United States*, 205 Ct.Cl. 502, 504 F.2d 1382 (1974), *cert. denied*, 421 U.S. 998 [95 S.Ct. 2395, 44 L.Ed.2d 665] (1975), resulting in prejudice to the defendant because of the delay. *Albright v. United States*, 161 Ct.Cl. 356, 362 (1963). To ensure that injustice does not result, this court must weigh all relevant factors before applying the laches doctrine. *Shafer v. United States*, 1 Cl.Ct. 437, 438 (1983). Thus, plaintiff's claim will be barred only if his delay has been both *unreasonable* and

*prejudicial to the defendant. Id.* at 439 (citing *McGahey v. United States*, 213 Ct.Cl. 717, 718, 553 F.2d 105 (1977)).

■ As an excuse for delaying nearly six years, plaintiff argues that facts necessary to determine the very existence of his right to relief were unavailable to him. Specifically, both parties contest the question whether plaintiff should have discovered sooner that the Screening Board contained only two Reserve members. Thus, the issue remains whether a reasonable person in plaintiff's position should have inquired about the board's composition.[2]

In determining the number of Reserve members necessary to constitute an "appropriate number" under section 266(a), the court will also consider the degree to which Reserve officers on the Screening Board interacted with the non-Reserve members during the deliberation process. Such interaction would appear necessary to supply the non-Reservist board members with knowledge of Reservist activities and assignments sufficient to ensure fair review and ranking by the Screening Board. This court cautions that it will not permit inquiries into the decision making of any Screening Board member; only inquiries as to board members' interactions will be allowed.

## CONCLUSION

Since material issues of fact must be resolved in order to properly dispose of the case at bar, defendant's Motion for Summary Judgment and plaintiff's Cross-Motion for Summary Judgment, are hereby DENIED.

IT IS SO ORDERED.

---

1. Plaintiff initially petitioned the court for reinstatement as well; because plaintiff recently retired from the Air Force, however, his prayer for reinstatement is no longer *sub judice.*

2. This court is satisfied that the Screening Board's decision, without something more, was insufficient to have put plaintiff on inquiry notice.