**Roy M. CONNER, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 538–84C.**

United States Claims Court.

May 30, 1986.

---

Deborah E. Reiser, Washington, D.C., for plaintiff.

Terrence S. Hartman, Washington, D.C., with whom was Acting Asst. Atty. Gen. Richard K. Willard, for defendant.

## OPINION

MOODY R. TIDWELL, III, Judge:

This is a civilian pay case which comes before this court on Defendant's Motion for Summary Judgment. Defendant alleges that plaintiff's claim should be barred by laches because of the undue delay in filing his claim with this court and the resulting prejudice to defendant. After a careful examination of the pleadings, the submitted papers, and the parties' briefs, the court concludes that the doctrine of laches is applicable to this case and that defendant is entitled to a decision as a matter of law.

## FACTS

Plaintiff, Mr. Roy M. Conner, was employed by the United States Department of Agriculture (USDA) as an Agriculture Commodity Grader on June 19, 1962. On November 16, 1975, plaintiff was assigned meat grading responsibilities in San Diego, California where one of his assignments was grading the meat of National Meat Packers, Inc. During the next two years, plaintiff accepted gratuities in the form of food and drink from members of National Meat Packers, Inc. Consequently, on August 5, 1978, the USDA removed plaintiff from his position for accepting these gratu-ities from persons with whom he had official relations.

Plaintiff subsequently appealed his removal to the then-existing Civil Service Commission (now the Office of Personnel Management). After a hearing the Civil Service Commission (CSC) issued a decision on February 27, 1979, affirming plaintiff's removal. Plaintiff petitioned the newly created Merit Systems Protection Board (MSPB) for review of the CSC's decision, but this request was denied on September 27, 1979. Nearly six years later, on October 22, 1984, plaintiff filed this action in the United States Claims Court seeking back pay and reinstatement to his position of meat grader with the USDA. After some initial discovery, defendant filed a Motion for Summary Judgment on April 25, 1985 contending that plaintiff's action was barred by the doctrine of laches.

## DISCUSSION

Laches is a "fairness" doctrine by which relief is denied to one who has unreasonably and inexcusably delayed the assertion of a claim, resulting in injury or prejudice to the adverse party. *Brundage v. United States*, 205 Ct.Cl. 502, 505, 504 F.2d 1382, 1384 (1974), *cert. denied*, 421 U.S. 998, 95 S.Ct. 2395, 44 L.Ed.2d 665 (1975). The doctrine of laches is based upon considerations of public policy which require the discouragement of stale claims. *Id.* It recognizes the need for speedy vindication or enforcement of rights, so that courts may arrive at safe conclusions as to the truth. *Id.* at 505–06, 504 F.2d at 1384. In order to be successful in barring plaintiff's action based on the doctrine of laches, defendant must show that plaintiff unreasonably delayed asserting his cause of action. In addition, defendant must show that plaintiff's delay resulted in prejudice against defendant.

### I. Unreasonable Delay

Plaintiff contends that his delay in bringing this suit was neither unreasonable nor unjustified because (1) he immediately pur-

sued administrative remedies which were not exhausted until September 29, 1979; (2) he was faced with monumental financial obstacles, as well as with relocation across the country; (3) he sought assistance from his congressman; and (4) he attempted to obtain legal counsel. The court disagrees.

■ On February 27, 1979, an appeals officer for the CSC issued a decision on plaintiff's claim. Plaintiff subsequently filed his claim in this court on October 22, 1984. The record shows that plaintiff had exhausted his mandatory administrative remedy on February 27, 1979. Any later attempt to reopen the administrative decision would have to be considered permissive rather than mandatory and would not preclude the filing of suit in this court. *Casey v. United States*, 226 Ct.Cl. 584, 586 (1981). The constant seeking of administrative relief which is not a prerequisite to filing suit has often been held to be an inadequate excuse. *Casey v. United States*, 226 Ct.Cl. 584, 586 (1981); *Beeny v. United States*, 218 Ct.Cl. 672, 672–73, 590 F.2d 343 (1978); *Gersten v. United States*, 176 Ct.Cl. 633, 636, 364 F.2d 850, 852 (1966). "The required diligence is in seeking to obtain judicial relief, not the unsuccessful pursuit of permissive administrative help." *Casey v. United States*, 226 Ct.Cl. 584, 586 (1981).

■ Plaintiff's second justification for his delay is also without merit. The fact that plaintiff was "faced with monumental financial obstacles, as well as with relocation across the country," does not excuse or justify his waiting for approximately five years and eight months after exhausting his mandatory administrative remedy before filing a complaint with this court. Plaintiff cites no authority to support the proposition that his delay should be justified or excused on the grounds that he faced financial difficulties. This excuse has previously been discounted where the delay in bringing suit was shorter than in this case. *See Casey v. United States*, 226 Ct.Cl. at 586. We hold the same in this case because there was nothing to prevent plaintiff from filing suit *pro se*, a method

frequently used by other claimants in such actions. *Id.* This would have at least warned the government and begun the process of judicial inquiry.

■ Plaintiff's third justification for delay is also without merit. In the spring of 1981, more than two years after plaintiff had exhausted his mandatory administrative remedy, plaintiff sought the assistance of his congressman. However, after allowing more than a year to pass and apparently doing nothing, plaintiff's congressman referred him to an attorney. Plaintiff claims that the seeking of assistance from his congressman should justify or excuse his delay in filing his suit. The court disagrees. In *Brundage v. United States*, 205 Ct.Cl. 502, 504 F.2d 1382 (1974), *cert. denied*, 421 U.S. 998, 95 S.Ct. 2395, 44 L.Ed.2d 665 (1975), the Court of Claims was faced with a similar argument. However, the court held that "[t]he seeking of Congressional assistance is not a suitable sanction for delay." *Id.* at 509, 504 F.2d at 1386. Accordingly, the court concludes that this action does not justify or excuse plaintiff's long delay.

■ Finally, plaintiff contends that his delay should be justified or excused because he attempted to retain legal counsel to begin a proper action. Once again the court disagrees. Plaintiff did not contact an attorney until September 1982, nearly three and one-half years after plaintiff had exhausted his mandatory administrative remedy. The attorney declined the case and recommended that plaintiff bring suit in California. Not knowing any California attorneys, plaintiff forwarded his materials to a Dr. Umphries in Vista, California who took plaintiff's file to several attorneys but was unsuccessful in obtaining legal counsel for plaintiff. In July 1983, plaintiff contacted an attorney in Knoxville, Tennessee who did nothing for nearly a year and finally recommended that plaintiff retain an attorney in Washington, D.C. Consequently, plaintiff retained his present legal counsel who filed this action on October 22, 1984.

114

Plaintiff has cited no case authority to support his position that his attempts to retain legal counsel should excuse or justify his long delay in filing suit. However, this court's predecessor has held on numerous occasions that searching for an attorney offers little excuse for failure to timely file suit. *See Beeny v. United States,* 218 Ct.Cl. 672, 673, 590 F.2d 343 (1978); *Gersten v. United States,* 176 Ct.Cl. 633, 635, 364 F.2d 850, 852 (1966). Consequently, this court is forced to conclude that none of plaintiff's excuses, either separately or cumulatively, are sufficient justification for a delay of five years and eight months, a delay almost overtaking the six-year statute of limitations. 28 U.S.C. § 2501 (1982).

## II. Prejudice

To be successful in barring plaintiff's action based on the equitable doctrine of laches, defendant must also show that plaintiff's delay resulted in prejudice to defendant. However, it is established that the longer the delay the less need there is to show or search for specific prejudice and the task of demonstrating lack of prejudice shifts more toward the plaintiff. *Brundage v. United States,* 205 Ct.Cl. 502, 509, 504 F.2d 1382, 1386 (1974), *cert. denied,* 421 U.S. 998, 95 S.Ct. 2395, 44 L.Ed.2d 665 (1975); *Gersten v. United States,* 176 Ct.Cl. 633, 636, 364 F.2d 850, 852 (1966). In *Bevelheimer v. United States,* 4 Cl.Ct. 558 (1984), this court noted that there are two kinds of prejudice that will support a defense of laches: (1) the loss of evidence which would support defendant's position, or (2) a change in position by defendant that would not have occurred, except for plaintiff's delay. *Id.* at 563. Defendant asserts that as a result of plaintiff's delay, it has suffered both elements of prejudice.

First, defendant asserts that as a result of plaintiff's delay, it has lost evidence that would support its position because it is unable to locate the transcript of plaintiff's administrative hearing and plaintiff's official personnel file was routinely destroyed prior to initiation of this suit. Second, defendant asserts that it has changed its posi-

tion in a way that would not have occurred except for plaintiff's delay because if plaintiff were to prevail, defendant would be liable to pay plaintiff for five years and eight months during which it received no services from plaintiff.

With regard to defendant's assertion that it has lost evidence that would support its position, plaintiff claims to have a copy of both the administrative record and his personnel file thus enabling defendant to fully defend its position. The court is unable to satisfy itself at the present time whether plaintiff's copies of these documents are complete and accurate. Nevertheless, the court finds it unnecessary to inquire into the validity of these documents because prejudice is evident in that defendant has changed its position in a way that would not have occurred except for plaintiff's delay. Plaintiff's original claim for back pay covers the entire salary he would have earned since his removal in 1978. This is a period during which defendant received no services of value from plaintiff. In *Brundage v. United States,* 205 Ct.Cl. 502, 510, 504 F.2d 1382, 1386 (1974), *cert. denied,* 421 U.S. 998, 95 S.Ct. 2395, 44 L.Ed.2d 665 (1975), the Court of Claims held that the government would be prejudiced if forced to pay two salaries over a long period of time, when it received the service of only one person and that such prejudice was sufficient for the enforcement of laches. Clearly, defendant would be prejudiced if forced to pay plaintiff for work it did not receive, in addition to the salary defendant has already paid plaintiff's replacement. *See also, Casey v. United States,* 226 Ct.Cl. 584, 587 (1981); *Beeny v. United States,* 218 Ct.Cl. 672, 673, 590 F.2d 343 (1978); *Gersten v. United States,* 176 Ct.Cl. 633, 637, 364 F.2d 850, 853 (1966). Furthermore, there is some indication that defendant's defense has been impaired by the belated prosecution of plaintiff's claim. The search for truth is always impaired with the passage of time. *Brundage v. United States,* 205 Ct.Cl. 502, 510, 504 F.2d 1382, 1387 (1974), *cert. de-*

*nied,* 421 U.S. 998, 95 S.Ct. 2395, 44 L.Ed.2d 665 (1975).

■ The final ground asserted by plaintiff for not invoking laches is that he is willing to shorten the period of recovery to a time that would not have been barred by laches—as was done in *Chappelle v. United States,* 168 Ct.Cl. 362 (1964). The difficulty with this proposal is that in *Chappelle* there was a natural separation between the portion of time for which recovery was allowed and the period for which no relief was given. In the present case there is no such visible separation and plaintiff has suggested none. Furthermore, the court cannot see any proper division between one portion of the delay-time and another. As this court stated in *Casey v. United States,* 226 Ct.Cl. 584 (1981):

> To follow plaintiff in this proposal would be to permit any claimant to avoid a full dismissal for laches simply by shaving down his full claim to any lesser period the court deemed short enough for recovery, without the showing of any ground for separating out that particular period.

*Id.* at 587.

### CONCLUSION

After a careful review of the submitted papers, the parties' briefs and the applicable case law, the court concludes that plaintiff has slept on his rights and that laches bars his cause of action. Thus, the court need not reach the merits. Accordingly, the clerk of the court is directed to dismiss the Complaint. Costs to defendant.

IT IS SO ORDERED.