Lynnette C.A. PARK, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 203–86C.

United States Claims Court.

Sept. 16, 1986.

---

Penelope J. Stetina, Washington, D.C., for plaintiff. June D. Kalijarvi, Kalijarvi & Chuzi, P.C., of counsel.

John S. Groat, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, for defendant. Captain Chester P. Beach, Dept. of the Army, of counsel.

## ORDER

NETTESHEIM, Judge.

This military pay case comes before the court on defendant's motion for summary judgment. The issue is whether plaintiff's action should be barred by the doctrine of laches.

## FACTS

Plaintiff served in the United States Army (the "Army") for approximately four years before being released from duty at the rank of first lieutenant on April 30, 1981. Plaintiff was selected for promotion to captain on May 22, 1980, but after an informal investigation revealed allegations of homosexual acts on her part, her promotion did not take place. The Army further reacted to these allegations by bringing plaintiff before a board of inquiry (the "Show Cause Board"). Based on the Show Cause Board's recommendation, plaintiff subsequently was given a general discharge on the basis of "misconduct—moral or professional dereliction."

Plaintiff requested relief from the Army Discharge Review Board (the "Board"), which was stayed pending a decision by the Army Board for Correction of Military Records (the "ABCMR"). On April 14, 1982, the ABCMR denied her claims for reinstatement and back pay, but found that the stigma of a general discharge was unjust and corrected plaintiff's records to show an honorable discharge. The ABCMR's findings were approved on July 1, 1982.

Plaintiff filed her complaint with this court on March 26, 1986, four years and eleven months after her discharge and more than three years and eight months after the ABCMR denied her request for relief. Alleging deprivation of procedural rights, plaintiff seeks reinstatement, promotion to captain, and back pay commensurate with her cancelled promotion. Defendant responded to plaintiff's complaint by moving for summary judgment on the basis of the equitable doctrine of laches.

## DISCUSSION

■ Plaintiff initially contends that laches is inapplicable because historically it has been invoked only in the absence of a fixed limitations period and because the statute of limitations, 28 U.S.C. § 2501 (1982), establishes a statutory six-year period within which suit must be filed. Thus, according to plaintiff, laches undercuts the function of the statute of limitations that an action is filed timely if brought within six years. Certainly, the policy argument advanced by plaintiff is supported by respectable authority. *See generally* Note, *The Inequitable Doctrine: Laches in the United States Claims Court*, 7 Geo.Mason L.Rev. 141 (1984). However, the United States Court of Appeals for the Federal Circuit in *Foster v. United States*, 733 F.2d 88, 89 (Fed.Cir.1984), *aff'g* 3 Cl.Ct. 440, 442 (1983), reaffirmed its en banc decision in *Deering v. United States*, 223 Ct.Cl. 342, 620 F.2d 242 (1980). *See also Cason v. United States*, 200 Ct.Cl. 424, 431, 471 F.2d 1225, 1229 (1973). *Deering* held, *inter alia*, that "laches in the military pay context should still be applied 'apart from, and irrespective of, statutes of limitations....'" *Deering v. United States*, 223 Ct.Cl. at 347, 620 F.2d at 244 (quoting *Brundage v. United States*, 205 Ct.Cl. 502, 506, 504 F.2d 1382, 1384 (1974), *cert. denied.* 421 U.S. 998, 95 S.Ct. 2395, 44 L.Ed.2d 665 (1975)). *Deering*, including its endorsement of the quoted language from *Brundage*, is the law of this circuit. *See Pepper v. United States*, 794 F.2d 1571, 1573 (Fed.Cir.1986) (quoting *Brundage v. United States, id.*).

■ Laches is not just a matter of law; it is also a matter of policy in that "[i]t recognizes the need for speedy vindication or enforcement of rights, so that courts may arrive at safe conclusions as to the truth...." *Talley v. United States*, 6 Cl.Ct. 807, 809 (1984) (quoting, *inter alia, Brundage*, 205 Ct.Cl. at 505–06, 504 F.2d at 1384). To sustain the defense of laches, defendant must show that plaintiff's delay in bringing suit was inexcusably long and prejudicial to defendant. *E.g., Vereline v. United States*, 6 Cl.Ct. 109, 110 (1984) (citing *Foster*, 3 Cl.Ct. at 442); *Deering*, 223 Ct.Cl. at 349, 620 F.2d at 245; *Brundage*, 205 Ct.Cl. at 509, 504 F.2d at 1386.

### Inexcusable delay

■ In determining the date on which plaintiff's claim accrues under the doctrine of laches, "laches should not be applied in a way that discourages or penalizes 'reasonably prompt, good faith pursuit of permissive administrative remedies for relief,' such as applications to the boards established by the military services for the correction of military records." *Crispino v. United States*, 3 Cl.Ct. 306, 310 (1983) (quoting *Steuer v. United States*, 207 Ct.Cl. 282, 295 (1975)); *see also Brundage*, 205 Ct.Cl. at 507–09, 504 F.2d at 1385–86 (construing dictum in *Cason v. United States*, 200 Ct.Cl. at 432, 471 F.2d at 1229–30).

The pursuit of an administrative remedy through the ABCMR causing delay has been excused. *Compare Crispino v. United States*, 3 Cl.Ct. at 309–11 (three-year nine-month delay in pursuit of permissive administrative remedy acceptable out of total four-year eight-month delay), *with Gentry v. United States*, 225 Ct.Cl. 654, 650 F.2d 290 (1980) (pursuit of permissive administrative remedy unacceptable when total delay was three years two months).

■ Even though plaintiff is not chargeable with delay during the proceedings before the ABCMR, the Court of Claims ruled that a delay in filing suit of three years and eight months after discharge, exclusive of

time spent before a correction board,* is unreasonable. *Brundage,* 205 Ct.Cl. at 509, 504 F.2d at 1386. Here, plaintiff filed suit more than three years and eight months after the ABCMR decision.

Plaintiff can excuse her delay by making a showing of special or extenuating reasons for its cause. *See, e.g., Andrews v. United States,* 6 Cl.Ct. 204 (1984), *aff'd sub nom. Burden v. United States,* 770 F.2d 179 (Fed.Cir.1985); *Neumann v. United States,* 219 Ct.Cl. 591, 593, 618 F.2d 119 (1979); *Gersten v. United States,* 176 Ct.Cl. 633, 636, 364 F.2d 850, 852 (1966). Plaintiff argues that she needed time to husband her resources so that she could afford a lawyer. Argument in brief does not substitute for an affidavit. *Levi Strauss & Co. v. Genesco, Inc.,* 742 F.2d 1401, 1404 (Fed.Cir.1984); *see also Johnson Controls, Inc. v. United States,* 8 Cl.Ct. 359, 365 (1985) (citing cases), *aff'd mem.,* 795 F.2d 1011 (Fed.Cir.1986). When plaintiff was given an opportunity to respond to declarations submitted with defendant's reply brief, she cured this deficiency. However, her excuse is neither special nor exceptional. *See Conner v. United States,* 10 Cl.Ct. 110, 113 (1986) (excuse based on financial difficulties rejected); *Casey v. United States,* 226 Ct.Cl. 584, 586 (1981) (excuse of lack of funds rejected); *Steuer v. United States,* 207 Ct.Cl. 282, 294–95 (excuse that plaintiff could not afford a lawyer and was living abroad in straitened circumstances rejected). *But c.f. Casey v. United States,* 8 Cl.Ct. 234, 238 (1985) (excuse that plaintiff was indigent and had difficulty finding counsel overseas accepted); *Gava v. United States,* 225 Ct.Cl. 676, 679 n. 2 (1980) (excuse that plaintiff had difficulty finding counsel overseas accepted).

Therefore, because defendant has established that the duration of delay has been recognized judicially as excessive and because plaintiff has not rebutted defendant's

showing, plaintiff's delay in bringing suit cannot be excused.

*Prejudice to defendant*

Defendant contends that since plaintiff inexcusably delayed in filing suit, the burden of proof should shift for proof of prejudice. The Court of Claims said that "the longer the delay the less need there is to show, or search for, specific prejudice, and the greater the shift to the plaintiff of the task of demonstrating lack of prejudice." *Gersten v. United States,* 176 Ct.Cl. at 636, 364 F.2d at 852. *See generally Foster,* 3 Cl.Ct. at 445–46 (discussing cases treating shift of the burden of proof). Because the decisions recognizing the presumption all found actual prejudice, this court has held that at least a minimal showing of prejudice must be made by defendant. *Foster,* 3 Cl.Ct. at 446; *see Casey v. United States,* 8 Cl.Ct. 234, 238 (1985); *Alberico v. United States,* 7 Cl.Ct. 165, 168 (1984), *aff'd,* 783 F.2d 1024 (Fed.Cir.1986). This court also has said that a minimal showing on the part of defendant serves the administration of justice because it is much easier for defendant than plaintiff to determine, for example, the absence of defendant's witnesses and loss of defendant's documents. *Talley,* 6 Cl.Ct. at 809.

Defendant cites *Pepper v. United States,* 8 Cl.Ct. 666 (1985), *aff'd,* 794 F.2d 1571 (Fed.Cir.1986), and *Adkins v. United States,* 228 Ct.Cl. 909 (1981) (per curiam). In *Pepper* the Federal Circuit explicitly acknowledged that prejudice may be presumed from undue delay, but upheld the trial court's finding that the Government had been prejudiced monetarily by the delay. *Pepper,* 794 F.2d at 1574–75. The Court of Claims in *Adkins* may have said that the burden of proof shifted, but it also "pointed to the actual prejudice to defendant of being required to pay salary for many years in which plaintiff rendered no service to defendant...." *Foster,* 3 Cl.Ct. at 446.

---

* Plaintiff in *Brundage* sought administrative relief both before his discharge and after he filed

suit.

Defendant submitted a declaration on reply averring that it will suffer monetary prejudice through August 31, 1986, of approximately $172,000 representing pay and allowances. *Cf. Foster,* 3 Cl.Ct. at 446 (delay of at least seven years during which damages of over $100,000 accrued showed prejudice). Thus, it is true that if defendant were exposed to possible payment of plaintiff's full salary for the more than five years in dispute, her delay in filing would implicate the payment of significant salary for services not received. *See Conner v. United States,* 10 Cl.Ct. at 114; *Brundage,* 205 Ct.Cl. at 510; *cf. Talley v. United States,* 6 Cl.Ct. at 810–11 (time spent pursuing permissive administrative remedies not calculated in determining whether the delay was inexcusable, but is calculated in determining prejudice).

Plaintiff, however, has been employed during the period in dispute. The amount of money she has earned must be used to mitigate damages in her claim for back pay under traditional contract law. She can only claim the difference between her wages due as captain and the amount she earned from other employment. *See Leob v. Textron, Inc.,* 600 F.2d 1003, 1023 n. 34 (1st Cir.1979). *See generally* 11 *Williston on Contracts* § 1358 (W. Jaeger 3d ed. 1968). Plaintiff's potential back pay is reduced to a fraction because of her employment elsewhere. *See Cason,* 200 Ct.Cl. at 431, 471 F.2d at 1229; *Chappelle v. United States,* 168 Ct.Cl. 362, 366 (1964). Plaintiff's affidavit shows that she received civilian salary through August 31, 1986, of approximately $131,000. She states in her recent declaration that she waives her right to Quarters Allowance, which is approximately $22,000 of the total approximate $172,000 pay and allowances. The amount of defendant's exposure therefore approximates $19,000. This amount does not constitute significant monetary prejudice. However, this is only so if plaintiff is allowed to waive the Quarters Allowance.

This court has disallowed a plaintiff to perform surgery on a claim in order to reduce monetary prejudice to defendant. *Talley,* 6 Cl.Ct. at 811. The surgical effort in *Talley* was to compute plaintiff's claim from the date his administrative remedy was denied, thereby reducing the period of any back pay award. The waiver of the housing allowance in this case does not shorten the duration of the claim, and time is the lifeblood of laches. Plaintiff will be allowed to forego this benefit and thus reduce her claim.

Defendant also argues that prejudice should be presumed on the basis of lost documents and witnesses. It is, of course, true that risk of unavailable witnesses and lost documents increases over time, and the Federal Circuit has ruled that the difficulties of finding witnesses and documents and reviving faded memories can be the basis for presuming prejudice. *Pepper,* 794 F.2d at 1575. In this case the court will be asked to look at a previously constituted record to ascertain whether plaintiff's alleged rights were abrogated. There is no spectre of missing persons or documents. *See Crispino,* 3 Cl.Ct. at 311.

Finally, defendant argues in its reply for the first time, submitting a declaration in support, that the Army will be required to retrain plaintiff if she prevails and that she probably will fail selection for promotion, anyway. As plaintiff chides, this alleged manifestation of prejudice should not have found its way into defendant's moving brief and cannot be urged at this late date.

### CONCLUSION

Plaintiff has rebutted defendant's assertion of prejudice, although plaintiff's delay in filing this lawsuit is inexcusable. Based on the foregoing,

IT IS ORDERED, as follows:

1. Defendant's motion for summary judgment is denied.

2. Although defendant responsibly asserted the defense of laches before answer, thereby achieving economies of resources had its motion been granted, the matter should proceed apace after more than four months in briefing. Defendant shall file its answer by September 30, 1986, and the

parties' Joint Preliminary Status Report shall be filed by October 15, 1986.